UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SCOTT CHARNEY, ET AL.,                          :

                                                        Case No. 07 CV 6272
                                Plaintiffs,      :       (AKH)

        -against-                               :       ECF Case

                                                :       **NOTICE OF MOTION**

CARLA ZIMBALIST, ET AL.,

                                                :
                                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TO:     Brody, O'Connor & O'Connor, Esqs.
        111 John Street, Suite 900
        New York, NY 10038
        Attn: Scott A. Brody
        *Attorneys for Plaintiffs*

        Nixon Peabody LLP
        437 Madison Avenue
        New York, NY 10022
        Attn: Mark Paul Russo
        *Attorneys for Defendant Ameriprise Financial, Inc.*

        PLEASE TAKE NOTICE that, upon the Declaration of Thomas M. Campbell,

dated September 14, 2007, the exhibits thereto, the accompanying Memorandum of Law,

dated September 14, 2007, and all prior proceedings herein, Defendants Jennifer S.

Wilkov and Evolutionary Strategic Planning, Inc. will move before this Court on October 15,

2007 at 9:30 a.m. at the United States Courthouse, Room 14D, 500 Pearl Street, New

York, New York 10007, for an order staying these proceedings as against them.

        PLEASE TAKE FURTHER NOTICE that answering affidavits, if any, are to

be served upon the undersigned counsel for the Defendants within ten business days after

service of this Notice of Motion and the supporting papers annexed thereto.

Dated:     New York, New York
           September 14, 2007

SMITH CAMPBELL, LLP

By_____/s/_____
    Thomas M. Campbell (TMC 1690)
110 Wall Street
New York, New York  10005
Telephone: (212) 344-1500
Telecopy: (212) 344-5585
Attorneys for Defendants Jennifer S. Wilkov and
Evolutionary Strategic Planning, Inc.

TABLE OF CONTENTS TO NOTICE OF MOTION OF DEFENDANTS JENNIFER WILKOV AND EVOLUTIONARY STRATEGIC PLANNING, INC. TO STAY THE PROCEEDINGS

DECLARATION OF THOMAS M. CAMPBELL, DATED SEPTEMBER 14, 2007

Exhibit A: Indictment issued on or about June 26, 2007 in *People v. Carla Zimbalist, et al.*, Indictment No. 2765/2007

Exhibit B: Chart Comparing Complaint and Indictment

Exhibit C: Notice of Motion, dated September 7, 2007, in *People v. Carla Zimbalist, et al.*

Exhibit D: Verified Complaint in *Morgenthau v. Wilkov*, Index No. 405072/2007 (Supreme Court, New York County)

Exhibit E: Affidavit of Investigator Daniel Frooks, sworn to June 22, 2007

Exhibit F: Order to Show Cause and Temporary Restraining Order, issued on June 26, 2007, in *Morgenthau v. Wilkov*

# DECLARATION OF THOMAS M. CAMPBELL, DATED SEPTEMBER 14, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
SCOTT CHARNEY, ET AL.,                                    :

                                   Plaintiffs,            :          Case No. 07 CV 6272
                                                                     (AKH)

                    -against-                             :          ECF Case

                                                         :

CARLA ZIMBALIST, ET AL.,                                  :

                                                         :
                                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DECLARATION OF THOMAS M. CAMPBELL IN SUPPORT OF THE MOTION OF DEFENDANTS JENNIFER WILKOV AND EVOLUTIONARY STRATEGIC PLANNING, INC. TO STAY THESE PROCEEDINGS PENDING RESOLUTION OF A PENDING CRIMINAL CASE INVOLVING THE SAME FACTS, CIRCUMSTANCES, PEOPLE AND INVESTMENTS AS THIS CASE

THOMAS M. CAMPBELL, of full age, declares as follows in accordance with

28 U.S.C. § 1746:

1.      I am a member of Smith Campbell, LLP, attorneys for defendants

Jennifer S. Wilkov ("Ms. Wilkov") and Evolutionary Strategic Planning, Inc. ("ESP").  I

submit this declaration in support of the motion of Ms. Wilkov and ESP to stay these civil

proceedings against them pending resolution of an ongoing criminal case filed in New York

County by the Manhattan District Attorney and captioned *People v. Carla Zimbalist, et al.*,

Indictment Number 2765/2007.

2.      Attached as Exhibit A is a copy of the criminal indictment issued on

or about June 26, 2007 against Ms. Wilkov and two of the co-defendants in this action,

Carla Zimbalist and Pam Chanla a.k.a Sayasith Khammanivong.  The indictment accuses

Ms. Wilkov of violating Penal Law Section 190.65(1)(b), Scheme to Defraud in the First

Degree, General Business Law 352-(c)(5) and General Business Law 352-(c)(6).  The

latter statutes prohibit schemes to defraud in conjunction with the purchase or sale of securities.

3.      Attached as Exhibit B is a chart prepared for the convenience of the Court comparing the individuals who are Plaintiffs in this action with the individuals named as victims in the indictment.  Of the thirty (30) named Plaintiffs, twenty-eight (28) are either mentioned, or alleged to be joint investors with a person mentioned in the indictment.

4.      Attached as Exhibit C is a Notice of Motion, dated September 7, 2007, for Ms. Wilkov's Omnibus Motion in the criminal case for an order to review the grand jury minutes and, upon inspection, to dismiss the indictment.   This motion is currently scheduled to be heard by Justice Wittner on December 6, 2007.

5.      Attached as Exhibit D is a copy of the Verified Complaint, filed in a civil forfeiture action brought by the Manhattan District Attorney against Ms. Wilkov in an action entitled *Morgenthau v. Wilkov*, Index No. 405072/2007 (Supreme Court, New York County) ( the "Forfeiture Action").

6.      Attached as Exhibit E is a copy of the affidavit of Investigator Daniel Frooks, sworn to on June 22, 2007 ("Frooks Affidavit"), which was submitted by the Plaintiff in the Forfeiture Action and which purports to describe the fraudulent scheme that gave rise to the indictment.  The properties referenced in ¶ 11 of the Frooks Affidavit as part of the scheme to defraud are also referenced in the Complaint.

7.      Attached as Exhibit F is a copy of the Order to Show Cause and Temporary Restraining Order, issued on June 26, 2007, which restrains Ms. Wilkov and all persons and entities holding any assets of Ms. Wilkov from "transferring, assigning, disposing of, encumbering and/or secreting" such assets up to the amount of $1,633,334**.**

2

We are informed by the attorneys handling the Forfeiture Action that approximately $200,000 in funds have been frozen pursuant to the TRO. Upon information and belief, this sum represents essentially 100 % of Ms. Wilkov's assets.

8.    Upon information and belief, Wilkov is the founder and the sole owner of ESP.

I hereby declare subject to the penalty for perjury under the laws of the United States of America that the foregoing is true and correct, except where stated to be on information and belief and as to such matters I believe they are true and correct.

Executed this 14th day of September 2007

_____/s/_____
Thomas M. Campbell (TMC 1690)

SMITH CAMPBELL, LLP
110 Wall Street
New York, NY 10005
Telephone:    212-344-1500
Telecopy:    212-344-5585
Attorneys for Defendants Jennifer S. Wilkov
and Evolutionary Strategic Planning, Inc.

3

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CARLA ZIMBALIST,
PAM CHANLA A/K/A SAYASITH KHAMMANIVONG,
JENNIFER WILKOV,

                             Defendants.

-----------------------------------------------------------

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuse the defendants of the crime of **SCHEME TO DEFRAUD IN THE FIRST DEGREE**, in violation of Penal Law §190.65(1)(b), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about June 25, 2006, engaged in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person and to obtain property from more than one person by false and fraudulent pretenses, representations and promises, and so obtained property with a value in excess of one thousand dollars from at least one such person.

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-(c)(5), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about June 25, 2006, intentionally engaged in a scheme constituting a systematic ongoing course of conduct with intent to defraud at least ten persons and to obtain property from at least ten persons by false and fraudulent pretenses, representations and promises, and so obtained property from at least one such person while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase of a security.

THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about June 25, 2006, stole property, to wit, money, from Scott Charney, and the value of the property exceeded fifty thousand dollars.

FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about June 25, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Scott Charney.

FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong in the County of New York and elsewhere, from on or about January 1, 2005 through on or about June 25, 2006, stole property, to wit, money, from Gary Zaccaro, and the value of the property exceeded fifty thousand dollars.

SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about June 25, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Gary Zaccaro.

SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about April 4, 2005, stole property, to wit, money, from Jeffrey Peck, and the value of the property exceeded three thousand dollars.

EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about April 4, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Jeffrey Peck.

NINTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about June 25, 2006, stole property, to wit, money, from Elizabeth Tymczyszyn, and the value of the property exceeded fifty thousand dollars.

TENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about June 25, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Elizabeth Tymczyszyn.

ELEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about June 25, 2006, stole property, to wit, money, from Neil Blitz, and the value of the property exceeded three thousand dollars.

TWELFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about January 1, 2005 through on or about June 25, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Neil Blitz.

THIRTEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about March 1, 2005 through on or about June 25, 2006, stole property, to wit, money, from Karen Fusco, and the value of the property exceeded fifty thousand dollars.

FOURTEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about March 1, 2005 through on or about June 25, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Karen Fusco.

FIFTEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about March 1, 2005 through on or about November 18, 2005, stole property, to wit, money, from Robert Steinberg, and the value of the property exceeded fifty thousand dollars.

SIXTEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about March 1, 2005 through on or about November 18, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Robert Steinberg.

SEVENTEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about March 1, 2005 through on or about April 21, 2006, stole property, to wit, money, from Edward Haran, and the value of the property exceeded three thousand dollars.

EIGHTEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about March 1, 2005 through on or about April 21, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Edward Haran.

NINETEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about April 1, 2005 through on or about June 25, 2006, stole property, to wit, money, from Kathryn Pashuck, and the value of the property exceeded three thousand dollars.

TWENTIETH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about April 1, 2005 through on or about June 25, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Kathryn Pashuck.

TWENTY-FIRST COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about April 1, 2005 through on or about July 20, 2005, stole property, to wit, money, from Bruce Fuller, and the value of the property exceeded fifty thousand dollars.

TWENTY-SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about April 1, 2005 through on or about July 20, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Bruce Fuller.

TWENTY-THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about April 1, 2005 through on or about April 29, 2005, stole property, to wit, money, from Jay Coon, and the value of the property exceeded three thousand dollars.

TWENTY-FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about April 1, 2005 through on or about April 29, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Jay Coon.

TWENTY-FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about April 1, 2005, through on or about June 25, 2006, stole property, to wit, money, from Bonnie Vartabedian, and the value of the property exceeded three thousand dollars.


TWENTY-SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about April 1, 2005, through on or about June 25, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Bonnie Vartabedian.

TWENTY-SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla, in the County of New York and elsewhere, from on or about April 1, 2005 through on or about June 25, 2006, stole property, to wit, money, from George Yu, and the value of the property exceeded three thousand dollars.


TWENTY-EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about April 1, 2005 through on or about June 25, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from George Yu.

TWENTY-NINTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about May 1, 2005 through on or about April 21, 2006, stole property, to wit, money, from Constance Simons, and the value of the property exceeded three thousand dollars.

THIRTIETH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about May 1, 2005 through on or about April 21, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Constance Simons.

THIRTY-FIRST COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about May 1, 2005 through on or about July 26, 2005, stole property, to wit, money, from Toni Allen, and the value of the property exceeded three thousand dollars.

THIRTY-SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about May 1, 2005 through on or about July 26, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Toni Allen.

THIRTY-THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about May 28, 2005 through on or about April 21, 2006, stole property, to wit, money, from Joseph Levine, and the value of the property exceeded fifty thousand dollars.


THIRTY-FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about May 28, 2005 through on or about April 21, 2006, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Joseph Levine.

THIRTY-FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about June 1, 2005 through on or about July 14, 2005, stole property, to wit, money, from Diane Stone, and the value of the property exceeded fifty thousand dollars.


THIRTY-SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about June 1, 2005 through on or about July 14, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Diane Stone.

THIRTY-SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about June 1, 2005 through on or about July 21, 2005, stole property, to wit, money, from Ian Kirby, and the value of the property exceeded fifty thousand dollars.


THIRTY-EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about June 1, 2005 through on or about July 21, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Ian Kirby.

THIRTY-NINTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about July 1, 2005 through on or about July 13, 2005, stole property, to wit, money, from Diva Goodfriend-Koven, and the value of the property exceeded fifty thousand dollars.


FORTIETH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about July 1, 2005 to on or about July 13, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Diva Goodfriend-Koven.

FORTY-FIRST COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about July 1, 2005 through on or about August 4, 2005, stole property, to wit, money, from Robert Reach, and the value of the property exceeded three thousand dollars.

FORTY-SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about July 1, 2005 to on or about August 4, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Robert Reach.

FORTY-THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla, in the County of New York and elsewhere, from on or about July 1, 2005 through on or about August 19, 2005, stole property, to wit, money, from Anthony Corsaro, and the value of the property exceeded three thousand dollars.


FORTY-FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about July 1, 2005 through on or about August 19, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Anthony Corsaro.

FORTY-FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about July 19, 2005 through on or about July 29, 2005, stole property, to wit, money, from Scott Edvabsky, and the value of the property exceeded three thousand dollars.

FORTY-SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about July 19, 2005 through on or about July 29, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Scott Edvabsky.

FORTY-SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35, committed as follows:

The defendants Carla Zimbalist and Pam Chanla A/K/A Sayasith Khammanivong, in the County of New York and elsewhere, from on or about August 1, 2005 through on or about October 24, 2005, stole property, to wit, money, from Laura Flax, and the value of the property exceeded three thousand dollars.

FORTY-EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse the defendants of committing a violation of General Business Law §352-c(6), committed as follows:

The defendants, in the County of New York and elsewhere, from on or about August 1, 2005 through on or about October 24, 2005, intentionally engaged in fraud, deception, concealment, suppression, false pretense and fictitious and pretended purchase and sale, and with intent to deceive and defraud, made material false representations and statements, while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase within and from New York of a security, and thereby wrongfully obtained property of a value in excess of two hundred fifty dollars from Laura Flax.

ROBERT M. MORGENTHAU
District Attorney

GJ # 8

Filed:                                        NA

No.

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CARLA ZIMBALIST,
PAM CHANLA A/K/A SAYASITH KHAMMANIVONG,
JENNIFER WILKOV,

Defendants.

INDICTMENT

SCHEME TO DEFRAUD IN THE FIRST DEGREE, P.L. §190.65(1)(b)
GENERAL BUSINESS LAW (MARTIN ACT) §352-c(5)
GRAND LARCENY IN THE SECOND DEGREE, P.L. §155.40(1), (defendants Zimbalist and Chanla, 10 cts)
GRAND LARCENY IN THE THIRD DEGREE, P.L. §155.35, (defendants Zimbalist and Chanla, 13 cts)
GENERAL BUSINESS LAW (MARTIN ACT) §352-c(6), (defendants Zimbalist and Chanla, 23 cts; defendant Wilkov 22 cts)

ROBERT M. MORGENTHAU, District Attorney

A True Bill

Judith Weinstock
Frauds Bureau

Foreman

# Exhibit B

| Names | Complaint | Indictment |
|-------|-----------|------------|
| Scott Charney | X | X |
| Diva Goodfriend-Koven | X | X |
| Robert Reach | X | X |
| Ellen Reach | X | R[1] |
| Toni Allen | X | X |
| Scott Edvabsky | X | X |
| Anthony Corsaro | X | X |
| Barbara Corsaro | X | R |
| Gary Zuccaro | X | X |
| Bruce Lichtenstein | X | |
| Robert Anarumo | X | |
| Karen Fusco | X | X |
| Bonnie Vartbedian | X | X |
| Wayne Vartbedian | X | R |
| George Yu | X | X |
| Connie Simons | X | X |
| Laura Flax | X | X |
| Jay Coon | X | X |
| Neil Blitz | X | X |
| Marni Blitz | X | R |
| Joseph Levine | X | X |
| Nina Chaifetz | X | R |
| Ed Haran | X | X |

[1] "R" means that the individual, according to the Complaint, invested jointly in the properties with an individual named in the indictment.

| | | |
|---|---|---|
| Anne Haran | X | R |
| Kathy Pashuck | X | X |
| Bruce Fuller | X | X |
| Tracey Peck | X | R |
| Jeff Peck | X | X |
| Elizabeth Tymczyszyn | X | X |
| Gata Realty, LLC | X | R[2] |
| Robert Steinberg | | X |
| Diane Stone | | X |
| Ian Kirby | | X |

---

[2] According to the Complaint, Gata Realty LLC is owned by Elizabeth Tynczyszyn, an individual mentioned in the indictment. Complaint ¶ 31.

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 61
-------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

v.                                                              Indictment No. 2765/2007
                                                               (Wittner, J.)
JENNIFER WILKOV,
                                                               **NOTICE OF
                                                               OMNIBUS MOTION**

                              Defendant.
-------------------------------------------------------------------x

        PLEASE TAKE NOTICE, that upon the annexed affirmation of Barry A. Bohrer,

Esq., and upon the accompanying Memorandum of Law in Support of Defendant Jennifer

Wilkov's Omnibus Motion, the undersigned will move this Supreme Court, Part 61, on

the 12th day of October, 2007, at 9:30 a.m., or as soon thereafter as Counsel may be heard

for an Order:

        (1) granting an inspection of the grand jury minutes and release of said minutes to

defense counsel; and dismissal of the indictment;

        (2) granting a discretionary severance pursuant to C.P.L. § 200.40(1)(d)(iii);

        (3) granting a *Huntley/Dunaway* hearing to suppress statements;

        (4) granting leave to file a motion to suppress the search and all evidence derived from it;

        (5) granting a *Sandoval* hearing on prior bad acts;

        (6) granting a further bill of particulars;

        (7) granting certain discovery and a witness list; and

        (8) granting leave to make other and further motions as may seem appropriate at a future

date.

Dated:  September 7, 2007
        New York, New York

                                    **Morvillo, Abramowitz, Grand, Iason,**
                                    **Anello & Bohrer, P.C.**


                                    _____
                                    Barry A. Bohrer
                                    Maryanne Sexton
                                    565 Fifth Avenue
                                    New York, New York 10017
                                    (212) 880-9550

                                    *Attorneys for Defendant Jennifer Wilkov*


COPY TO:    Judith Weinstock, Esq.
            Assistant District Attorney
            New York County District Attorney's Office
            80 Centre Street
            New York, NY  10013

# Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
ROBERT M. MORGENTHAU                                  INDEX
DISTRICT ATTORNEY OF NEW YORK COUNTY,                 NO.

Plaintiff-Claiming Authority

  -against-                                   **VERIFIED**
                                            **COMPLAINT**
Jennifer Wilkov,


                           Defendant
-----------------------------------------------------------------------X

The Plaintiff-Claiming Authority, Robert M. Morgenthau, District Attorney of
New York County ("Plaintiff"), by his undersigned attorney, as and for his verified
complaint alleges upon information and belief, as follows;

    1.    At all times relevant hereto, Plaintiff was and continues to be the duly
elected District Attorney's of New York County, with offices located at One Hogan
Place, City of New York, County and State of New York.

    2.    Venue is proper in this County pursuant to Civil Practice Law and Rules
(hereinafter "CPLR") section 1311(10)(b), in that a criminal prosecution has been
commenced against defendant JENNIFER WILKOV for the felony crimes of A Scheme
to Defraud in the First Degree in violation of Penal Law Section 190.65(1)(b); and
General Business Law Sections 352(c )(5) and (c)(6)

    3.    The facts supporting plaintiff's belief that defendant committed the felony
crimes specified above, are based upon an investigation conducted by the District
Attorney's Office.

4.    The evidence against the defendant includes bank and other documentary records as well as witnesses.

5.    Jennifer Wilkov's social security number is 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.

6.    Her Date of Birth is 10/27/68.

7.    Her Address is 40 Clinton St. Apt. 6F, Brooklyn, New York.

8.    During the period from January 1, 2005 through June 25, 2006 the defendant Jennifer Wilkov, along with criminal co-defendants Carla Zimbalist and Pam Chanla, engaged in a scheme constituting a systematic ongoing course of conduct with the intent to defraud more than one person and to obtain property from more than one person by false and fraudulent pretenses, representations and promises, and so obtained property with a value in excess of one million dollars.

9.    Jennifer Wilkov induced victims to invest in real estate that Carla Zimbalist and Pam Chanla were going to purchase, renovate and sell and then repay the victims their investment plus profit.

10.    That was not done and instead, funds were used to pay off existing judgments and personal expenses of Zimbalist and Chanla and to remunerate Wilkov.

11.    The total amount invested was $1,663,334.00 (One Million Six Hundred Sixty Six Thousand Three Hundred and Thirty Four Dollars and no cents).

12.    No funds were ever returned to the investors.


## FIRST CAUSE OF ACTION

13. The plaintiff repeats and realleges each and every allegation contained in paragraphs 3 through 12 above with the same force and effect as though the same were set forth fully herein.

14. By virtue of the conduct set forth in paragraphs 3 through 12 above, the defendant has committed the crimes of A Scheme to Defraud in the First Degree in violation of Penal Law Section 190.65(1)(b); and General Business Law Sections 352(c)(5) and (c)(6).

15. $1,663,334.00 (One Million Six Hundred Sixty Six Thousand Three Hundred and Thirty Four Dollars and no cents) represents the proceeds, substituted proceeds and instrumentality of the defendant's crimes within the meaning of CPLR Article 13-A.

16. The proceeds, substituted proceeds and instrumentality referred to in the immediately preceding paragraph have a value of $1,663,334.00 (One Million Six Hundred Sixty Six Thousand Three Hundred and Thirty Four Dollars and no cents).

17. By virtue of the foregoing, the defendants are jointly and severally liable, to the plaintiff, in his capacity as Claiming Authority, for forfeiture of the property specified above.

## SECOND CAUSE OF ACTION

18.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 3 through 17 above, with the same force and effect as though the same were set forth fully herein.

19.     By virtue of the foregoing, the defendant is liable to the plaintiff, in his capacity as Claiming Authority, for a money judgment in the amount of $1,663,334.00 (One Million Six Hundred Sixty Six Thousand Three Hundred and Thirty Four Dollars and no cents).

WHEREFORE, Plaintiff demands that judgment be entered against defendant as follows:

20.     (a) As to the First Causes of Action, directing the forfeiture of property having a value of $1,663,334.00 (One Million Six Hundred Sixty Six Thousand Three Hundred and Thirty Four Dollars and no cents);

21.     (b) As to the Second Causes of Action, directing the entry of a money judgment in the amount of $1,663,334.00 (One Million Six Hundred Sixty Six Thousand Three Hundred and Thirty Four Dollars and no cents) and;

(c) As to each Cause of Action, for the costs of this action and attorneys' fees and for such other further relief as the Court may deem just and proper.

Dated: New York, New York
June 21, 2007

                ROBERT M. MORGENTHAU
                District Attorney of New York County
                Plaintiff-Claiming Authority

BY:   Madeleine Guilmain
       Assistant District Attorney
       Attorney for Plaintiff-Claiming Authority

One Hogan Place
New York, New York 10013
(212) 335-3879
Fax: (212) 335-9251

# Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ROBERT M. MORGENTHAU,
DISTRICT ATTORNEY OF NEW YORK
COUNTY,

                      Plaintiff-Claiming Authority,

                -against-

JENNIFER WILKOV,

                          Defendant.

AFFIDAVIT IN SUPPORT OF
PLAINTIFF'S REQUEST FOR
PROVISIONAL REMEDIES

Index No.

Daniel Frooks being duly sworn, deposes and says:

      1.     I am an Investigator in the Investigation Bureau of the Office of Robert M. Morgenthau, the District Attorney of New York County ("DANY"). As such I am a public servant of the kind specified in CPL §§ 1.20(34)(g) and 690.05(1). I have been an investigator in this capacity for over three years. I am currently assigned to an investigation and prosecution involving JENNIFER WILKOV and am familiar with its facts.

      2.     This affidavit is submitted in support of Plaintiff's application for Provisional Relief under CPLR Article 13A and for an Order to Show Cause.

      3.     Unless otherwise noted, wherever in this affidavit I assert that a statement was made or that an event occurred that assertion is made on information and belief, the source of which is information from witnesses with whom I have spoken or whose reports I have reviewed, and other law enforcement agents. Furthermore, the facts and circumstances of this investigation

1

have been summarized for the specific purpose of the application being made. Therefore, I have not set forth each and every fact learned during the course of this investigation.

## STATEMENT OF FACTS

4.    The District Attorney initiated an investigation into the crime of Grand Larceny in the Second and Third Degrees in violation of Penal Law §155.40(1) and 155.35, Securities Fraud (New York State General Business law §352-c(5), and c(6), and other crimes that were committed by Jennifer Wilkov (hereinafter "WILKOV, Carla Zimbalist (hereinafter "ZIMBALIST"), and Pam Chanla (hereinafter "CHANLA"). This investigation was initiated after one of the defendant's victims made a complaint to the District Attorney's Office.

5.    I state the facts in this affidavit upon information and belief, the source of which is as follows: my overall supervision of the investigation described herein, my interviews of investor witnesses including Elizabeth Tymczyszym, and Nina Chaifetz; conversations with Detective Simeon Plyler of the Los Angeles County Sheriff's Department; and my review of records of financial institutions and public property records.

6.    I am informed by Elizabeth Tymczyszym, one of the victims in this case, that approximately three years ago, in 2004, she met with defendant WILKOV, a financial advisor at American Express Financial Advisors, Inc. located at 1120 Avenue of the Americas, 19th Floor, New York, New York (hereinafter the "American Express Office"). Ms. Tymczyszym retained WILKOV as a financial adviser and signed an American Express retainer, which also included paying a $3,000 fee for those services. Ms. Tymczyszym stated that she met with Wilkov numerous times at the American Express

2

Office to discuss her investment portfolio and investment opportunities. In addition to creating and managing an IRA portfolio for her, WILKOV solicited Ms. Tymczyszym for investments involving real estate purchases and sales.

7.    Specifically, in or about March 2005, WILKOV advised Ms. Tymczyszym that there was a real estate investment opportunity being offered by criminal defendants ZIMBALIST and CHANLA, two women that she knew and with whom she had conducted business on prior occasions. WILKOV informed Ms. Tymczyszym that ZIMBALIST and CHANLA were the owners of Scott Avenue Development, LLC, CPM Holdings, LLC and PMC Interests, LLC, California corporations that were in the business of buying houses in need of repair in wealthy neighborhoods, which they would renovate and resell at a profit. WILKOV advised Ms. Tymczyszym that there would be no risk to Ms. Tymczyszym's investment, and that she would likely make a 100% return on investment within six months to a year. WILKOV also e-mailed Ms. Tymczyszym what WILKOV referred to as a "deal sheet" with respect to the property located at 162 S. Lotus Avenue in Pasadena, CA. The deal sheet listed the purchase terms for the acquisition of 162 S. Lotus Avenue, the estimated costs in repairing the house, and the estimated selling price. The deal sheet also represented that if Ms. Tymczyszym invested $25,000, her interest in the property would be 14%, with an approximate return on investment of $28,210, plus a return of investment capital.

8.    Based on the representations made by WILKOV and the terms set forth in the deal sheet provided to her by WILKOV, Ms. Tymczyszym agreed to and signed the deal sheet on March 8, 2005, which was also signed on March 10, 2005 by Carla Zimbalist, managing member of Scott Avenue Development, LLC. On or about March 8,

3

2005, WILKOV faxed a letter to Ms. Tymczyszym a letter signed by WILKOV and printed on American Express letterhead, instructions for the authorization of the transfer of $25,000 from Ms. Tymczyszym's American Express brokerage account to Union Bank of California for the credit of CPM Holdings, LLC.   Ms. Tymczyszym received an e-mail from EILEEN BONILLA, WILKOV's Administrative Assistant at American Express Financial Advisors, Inc., instructing Ms. Tymczyszym to fax the American Express brokerage account authorization forms to WILKOV.

9.    As instructed, on or about March 10, 2005, Ms. Tymczyszym filled out the authorization forms, returned them to WILKOV and authorized the wire of $25,000 to CPM Holdings, LLC for the investment in Scott Avenue Development's property at 162 S. Lotus Avenue, Pasadena, CA.

10.    From March 31, 2005 through and September 2005, WILKOV discussed with Ms. Tymczyszym four other real estate investment proposals involving ZIMBALIST and CHANLA through Scott Avenue Development, CPM Holdings and PMC Interests. Several of these discussions took place at WILKOV's American Express office, while others took place by telephone and e-mail. In each proposal, WILKOV guaranteed that there would be no risk to Ms. Tymczyszym's investment, and that there would be a 100% return on investment. WILKOV represented again that the payout on these investments would likely occur within six months to one year from the date of investment. WILKOV assured Ms. Tymczyszym that her investment would be secure and encouraged her to withdraw money from her American Express brokerage accounts, which were managed by WILKOV at the American Express Office. In addition, in order to fund the investments, WILKOV encouraged Ms. Tymczyszym to take money out of her primary residence by

4

obtaining a home equity line of credit, as well as to obtain a credit line against a second residence.

11.    As a result of WILKOV's representations, Ms. Tymczyszym invested her money as follows:

| DATE | AMOUNT | PROPERTY |
|------|--------|----------|
| April 22, 2005 | $50,000 | 2646 Bronholly Dr, Los Angeles, CA |
| May 10, 2005 | $50,000 | 295 Martelo Ave, Pasadena, CA |
| June 3, 2005 | $50,000 | 3493 Greenwood Ave, Los Angeles, CA |
| Sept. 26, 2005 | $50,000 | 920 Worcester Ave., Pasadena, CA |

For each of these investments, WILKOV provided Ms. Tymczyszym a deal sheet, which detailed the purchase price of the property, the estimated costs for renovating the house, and the estimated selling price.    The deal sheets also detailed Ms. Tymczyszym's percentage interest in the property and the return on the investment for each property as follows:

The $50,000 investment in 2646 Bronholly Dr. resulted in a 24% interest in the property, which would generate a $51,648 profit, plus a return of the investment capital;

The $50,000 investment in 295 Martelo Ave. resulted in a 25% interest in the property, with an approximate return on investment of $66,750 plus return of investment capital;

The $50,000 investment in 3493 Greenwood Ave resulted in a 20.6% interest in the property, with an approximate return on investment of $52,659 plus return of investment capital.

The $50,000 investment in 920 Worcester Ave. resulted in a 24% interest in the property, with an approximate return on investment of $50,195 plus return of investment capital.

12.    WILKOV also provided Ms. Tymczyszym with a letter signed by her on American Express Financial Advisers letterhead containing wiring instructions and

authorization to wire $50,000 to Union Bank of California for credit to CPM Holdings, Inc. For each of these investments, Ms. Tymczyszym followed the wiring instructions and wired $50,000 as directed on each of the above dates.

13.    WILKOV never informed Ms. Tymczyszym that she was earning commissions over and above the fees she had already paid to American Express.    In addition, WILKOV never informed Ms. Tymczyszym that the investments were not being made through American Express Financial Advisers, Inc., but rather were separate and apart from the agreement Ms. Tymczyszym had entered into with American Express. Ms. Tymczyszym stated that it was her impression that the investments were being made through American Express Financial Advisers, Inc.

14.    From March 2005 through July 2006, WILKOV e-mailed and telephoned Ms. Tymczyszym with updates about the status of the properties in which she had invested. WILKOV repeatedly assured Ms. Tymczyszym that her investments were safe and represented that properties had been bought, were being renovated, and were about to be sold.

15.    For example, in June 2005, WILKOV sponsored a teleconference for a number of Scott Avenue Development investors to speak with WILKOV, ZIMBALIST and CHANLA to discuss their investments and to provide an update on the investment properties. In addition, in July 2005 WILKOV hosted a meeting for all investors at the Garden City Hotel in Garden City, New York, and represented that ZIMBALIST and CHANLA would be present to update the investors on the status of their investments.

16.    On July 19, 2005, Ms. Tymczyszym, as well as approximately twenty-five

6

other investors, attended the meeting at the Garden City Hotel (hereinafter the "Garden City Meeting"). When she and the other investors arrived, WILKOV informed them that ZIMBALIST and CHANLA would only be attending by teleconference. At that meeting, WILKOV also announced that she had left American Express to open a new company, Evolutionary Strategic Planning, Inc. (also known as "ESP"). Ms. Tymczyszym later learned that ESP was located at 189 MONTAGUE STREET, SUITE 900, BROOKLYN, NEW YORK. Furthermore, for the first time, WILKOV disclosed that she was earning commissions on the investments made by all investors, including Ms. Tymczyszym.

17. By teleconference, ZIMBALIST and CHANLA discussed the status of the properties in which Ms. Tymczyszym and the other investors had invested. They stated that some of the properties were being renovated and others were in contract and about to close. ZIMBALIST and CHANLA also announced two additional investment properties for which they were raising funds. WILKOV also participated in the meeting by introducing ZIMBALIST and CHANLA and by facilitating the discussion.

18. At this meeting, Ms. Tymczyszym spoke with many of the other investors present and learned that they had also invested in the same properties in which she had invested.

19. On August 14, 2005, WILKOV e-mailed Ms. Tymczyszym information about another investment opportunity with PMC Interests, LLC at a property located at 920 Worcester Ave, Pasadena, CA. Based on the information provided to her by WILKOV, and all that she had been told previously, Ms. Tymczyszym agreed to invest $50,000 in this property. On September 7, 2005, WILKOV e-mailed Ms. Tymczyszym a

7

deal sheet and wiring instructions to authorize the wire of $50,000 to Union Bank of California for credit to CPM Holdings, Inc. Ms. Tymczyszym followed the wiring instructions and wired $50,000 as directed by WILKOV for an investment in 920 Worcester Ave, Pasadena, CA.

20. Within a couple of months of each of the above investments, Ms. Tymczyszym received letters from PMC Interests, LLC, signed by "Carla Zimbalist and Pam Chanla, Managing Members," enclosing Membership Certificates for each of the above properties.

21. From JUNE 2005 through March 2006, Ms. Tymczyszym received e-mails from WILKOV in which she stated that she had spoken with ZIMBALIST AND CHANLA about the investment properties. WILKOV informed Ms. Tymczyszym that progress was being made on the properties and that sales were expected. Some of the e-mails sent by WILKOV were signed "Best regard, Jennifer, Carla & Pam," although they were sent from WILKOV's e-mail address at jwilkov@hotmail.com.

22. In or about September 2005, Ms. Tymczyszym began having monthly meetings with WILKOV in her new office in Brooklyn to discuss the investments.

23. ZIMBALIST also sent e-mails directly to Ms. Tymczyszym and other investors. ZIMBALIST claimed in these e-mails that they were receiving offers to buy the houses in which they had invested. WILKOV continued to assure Ms. Tymczyszym and other investors that she would make a profit on these deals.

24. In June 2006, WILKOV e-mailed Ms. Tymczyszym and numerous other investors, stating that their investment properties were scheduled to be sold within days.

8

On July 11, 2006, ZIMBALIST sent Ms. Tymczyszym five separate e-mails to inform her, and the other investors listed, that the escrow on each of the referenced properties had closed and that the properties had been sold. ZIMBALIST promised payment on these investments by July 25, 2006.

25.    Specifically, ZIMBALIST and CHANLA stated in their e-mails to Ms. Tymczyszym and other investors that:

> 162 S. Lotus Ave, Pasadena, CA had sold for $635,000.
> 2646 Bronholly Drive, Los Angeles, CA had sold for $975,000.00
> 295 Martello Ave, Los Angeles, CA had sold for $1,040,000.00
> 3493 Greenwood Ave, Los Angeles, CA had sold for $1,100,000.00
> 920 Worcester Ave, Pasadena, CA had sold for $935,000.00

26.    On August 14, 2006, WILKOV e-mailed Ms. Tymczyszym and other investors to inform them that although the properties had sold, there was a delay in obtaining the accountant's records but assured the investors that ZIMBALIST and CHANLA would be mailing out the checks shortly.

27.    On September 25, 2006, WILKOV e-mailed Ms. Tymczyszym and other investors that although ZIMBALIST and CHANLA had not mailed out the checks, they would be sending them by Federal Express within the next two days. To date, Ms. Tymczyszym has never received a payment on these investments.

28.    On or about October 11, 2006, Ms. Tymczyszym and approximately eighteen other investors whom WILKOV had e-mailed as a group, met to discuss their investments. Ms. Tymczyszym was informed that all eighteen investors had invested, through WILKOV, anywhere from $25,000 to $155,000 in real estate properties that were allegedly being re-sold by ZIMBALIST, CHANLA and Scott Avenue Development, LLC.

Ms. Tymczyszym was informed by this group of investors that some had invested in the same five properties that she had invested in as well as other Scott Avenue Development properties located in California. All of these investors made these investments at the suggestion and advice of WILKOV. In total, the group of investors believed that through WILKOV, they had invested over $1 million in at least nine Scott Avenue Development California properties, (and at least several hundred thousands of dollars in New Orleans and Florida properties owned by other real estate development companies.) None of the investors ever received any of their money back.

29.    I have spoken to investor Nina Chaifetz who informed me that WILKOV was her and her husband's financial advisor at the American Express Office and that they continued to retain WILKOV as an investment adviser even after WILKOV left American Express. Ms. Chaifetz confirmed that WILKOV had made similar representations to her and her husband as they had to Ms. Tymczyszym. Specifically, WILKOV represented that she had had prior business dealings with ZIMBALIST and CHANLA, that there was no risk to their investment capital, that they were likely to make a 100% return on investment, and, that they would receive a return on investment within six months to a year. Ms. Chaifetz informed me that she also received updates from WILKOV about the status of the properties and projected sale dates on the properties.

30.    I am informed by Ms. Chaifetz that WILKOV never initially informed any of the investors that she was earning commissions over and above the fees they had already paid to American Express.    WILKOV never initially informed Ms. Chaifetz that the investments were not being made on behalf of American Express Financial Advisors, Inc. Ms. Chaifetz believed that her and her husband's investments were being made through

10

American Express Financial Advisors, Inc.

31.     I am informed by Detective Simeon Plyler of the Los Angeles County Sheriff's Department that neither ZIMBALIST nor CHANLA have real estate or investment licenses or certifications in California. Detective Plyler further informs me that pursuant to a criminal investigation involving California victims who alleged that ZIMBALIST and CHANLA stole their money by causing them to invest in real estate properties, as described above, he has obtained search warrants and seized evidence from ZIMBALIST's home and office in California. Detective Plyler has also reviewed bank records of ZIMBALIST and CHANLA's businesses.

32.     I am further informed by Detective Plyler that several civil law suits were pending against ZIMBALIST and CHANLA prior to March 2005 and that they were settled in March 2005. As a result, ZIMBALIST and CHANLA had judgments entered against them. Detective Plyler informs me that a portion of the money that was wired into ZIMBALIST and CHANLA's CPM Holdings, Inc. account after March 2005, which includes money wired by Ms. Tymczyszym, and other New York area investors, was used to pay judgments entered against them.

33.     Furthermore, after interviewing multiple other investors and reviewing the deeds for the properties, I have discovered that of the nine alleged properties, six were never owned by CHANLA, ZIMBALIST, or any of their entities. One was owned by Michael Zimbalist, Carla Zimbalist's brother. Two others were owned by Scott Ave. Development but fell into foreclosure.

CRIMINAL PROCEEDS

11

34.    There are 25 victims who invested funds with the criminal defendants. None of those investments have been recovered. The vast majority of the victims are from the Metropolitan area although some are from Connecticut, Pennsylvania, California and Florida.

35.    'The total amount of funds invested by the 25 victims is $1,663,334.00 (One Million Six Hundred Sixty Three Thousand Three Hundred and Thirty Four Dollars and no cents).

_____
Investigator Daniel Frooks

Notary Public
Sworn to me this 25ᵀᴴ day of June, 2007 .

TARA CHRISTIE MINER
Notary Public, State of New York
No. 24-4994310
Qualified in Kings County
Certificate Filed in New York County
Commission Expires March 30, 2010

12

Exhibit F

At the IAS Part 1 of the
Supreme Court of the State of
New York, held in and for
the County of New York at
the Courthouse, 111 Centre
Street, New York, New York
on the __26th__ day of May June
2007

Present:

Honorable **MARTIN SHULMAN**
Justice of the Supreme Court **J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ROBERT M. MORGENTHAU
DISTRICT ATTORNEY OF NEW YORK COUNTY,

Plaintiff-Claiming Authority

    -against-

Jennifer Wilkov

                Defendant.
-----------------------------------------------------------------X

**ORDER TO SHOW
CAUSE
and
TEMPORARY
RESTRAINING
ORDER**

INDEX NO.

    Upon reading and filing the summons, verified complaint and affirmation of

Assistant District Attorney Tara Christie Miner dated June 21, 2007, and the affidavit of

Investigator Daniel Frooks, sworn to on June 22, 2007 and the exhibits attached thereto,

    Let the defendant Jennifer Wilkov or her attorney, show cause before this Court at

IAS Part 1(room 1127) to be held in the Courthouse, 111 Centre Street, New York, New

York on the ⟨2⟩ day of July, 2007, at 9:30 a.m. of that day or as soon after as counsel can

be heard, why an order should not be granted herein:

1.    (a) For an Order of Attachment pursuant to CPLR sections 1312 and 1316 against the assets of the above defendant and any interest of said defendant in personal and/or real property or any debt owed to said defendant, situated in the state of New York to the extent of $1,663,334.00 (One Million Six Hundred Sixty Six Thousand Three Hundred and Thirty Four Dollars and no cents) and;

(b) For a preliminary injunction, pursuant to CPLR sections 1312, 1333, and 1335 of Article 13-A, enjoining defendant, and all persons or entities having property of said defendant in their possession, and those persons and entities, including all subsidiaries and/or related businesses of such entity, having knowledge of the order, from transferring, assigning, disposing of, encumbering, secreting any legal, equitable, custodial or beneficial interest of said defendants, including, but not limited to, any legal, equitable, custodial or beneficial interests that defendant have in any real or personal property wherever located, whether jointly or individually held, or any debts owed to said persons, to the extent of $1,663,334.00 (One Million Six Hundred Sixty Six Thousand Three Hundred and Thirty Four Dollars and no cents) and;

(d) For an order directing disclosure pursuant to CPLR 3102(c), by any person or entity, who is served with this order, of any information regarding any property in which the defendant has or may have an interest, or any debts owed or which may be owed to the defendant, regardless of whether said person served with this order has actual ownership or possession of said property, interest or debt.

NOW, IT BEING alleged by said affirmation, and the exhibits attached thereto, including the Summons and Complaint, that the defendant or persons acting in concert with the defendant may transfer, assign, dispose of, encumber or secrete property, and that Claiming Authority is entitled to an order under CPLR Article 13-A enjoining

defendant and all other persons or entities having property of said defendant, and those persons having knowledge of the order, from transferring, assigning, disposing of, encumbering and/or secreting such property pending the hearing of this motion, and

IT BEING FURTHER alleged that immediate and irreparable injury, loss, or damage may result to the Claiming Authority before notice can be served and a hearing had, it is

ORDERED, pending the hearing of plaintiff's motion for an Order of Attachment, Preliminary Injunction and Disclosure, pursuant to CPLR sections 1312, 1316, 1335 of Article 13-A, the defendant and all persons or entities, including all subsidiaries and/or related businesses of such entity, having property of said defendant in their possession are restrained from removing, transferring, assigning, disposing of, encumbering, and/or secreting any legal, equitable, custodial or beneficial interest of said defendants including, but not limited to, any legal, equitable, custodial or beneficial interests that the defendant have in any real or personal property wherever located, or of 663,334.00 (One Million Six Hundred Sixty Six Thousand Three Hundred and Thirty Four Dollars and no cents) and whether jointly or individually held, or in any debts owed to said defendant, to the extent it is further

ORDERED that copies of this Order to Show Cause application for the provisional remedies of a Temporary Restraining Order, Order of Attachment, Preliminary Injunction and Disclosure Order, together with copies of the papers upon which it was granted, and a summons and complaint be personally delivered to the defendant on or before July 3, 2007, and that such be deemed due and sufficient service of notice of this order; and it is further

ORDERED, pursuant to CPLR 3102, that within ten days after service of this order, all persons or entities having possession of property in which the defendant has any interest, as well as all persons having knowledge of property in which the defendant has any interest, regardless of whether said person is in possession of the defendant's property, shall serve upon the plaintiff-claiming authority a statement specifying the property of said defendant in the possession of said persons or entities, and/or the property of which said persons have knowledge, and the amounts and value of the property specified.

ORDERED that this restraining shall remain in effect indefinitely and until replaced or superseded.

ORDERED that these papers shall be filed with the Clerk of the Supreme Court, County of New York at 60 Centre Street within 5 days of the date hereof.

Enter:

_____
The Honorable Martin Shulman
Justice of the Supreme Court

**MARTIN SHULMAN**
**J.S.C.**

Robert M. Morgenthau
New York County District Attorney's Office
One Hogan Place
New York, New York 10013
(212) 335-9000

Attn: Tara Christie Miner
    Assistant District Attorney
    (212) 335-4114

I, _Tara C Miner_____, an attorney at law, do hereby certify, pursuant to rule 2105 CPLR, that I have compared the foregoing with the original and have found it to be a true and complete copy.

Date: _6|26|07_____

_____
Signature

_Tara C. Miner_____
Type or Print Name

TOTAL P.05