UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SCOTT CHARNEY, ET AL.,                    :

               Plaintiffs,    :    Case No. 07 CV 6272 (AKH)

     -against-                          :    ECF Case

                             :

CARLA ZIMBALIST, ET AL.,

                             :

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW OF DEFENDANTS JENNIFER S. WILKOV AND EVOLUTIONARY STRATEGIC PLANNING, INC. IN SUPPORT OF THEIR MOTION TO STAY THESE PROCEEDINGS PENDING RESOLUTION OF A PENDING CRIMINAL CASE INVOLVING THE SAME FACTS, CIRCUMSTANCES, PEOPLE AND INVESTMENTS AS THIS CASE

**Smith Campbell, LLP**
**110 Wall Street**
**New York, New York 10005**
**Telephone: (212) 344-1500**

**Attorneys for Defendants**
**Jennifer S. Wilkov**
**and Evolutionary Strategic Planning, Inc.**

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    The Criminal Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    The Civil Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     The Interests of Justice Require that the Court Stay the Civil Case
       Against Ms. Wilkov and ESP. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       A.     Overlap of Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       B.     Status of the Criminal Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       C.     The Interests of the Plaintiffs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       D.     The Interests of the Defendant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       E.     The Interests of the Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       F.     The Public Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II.    The Action Against ESP Should Also be Stayed . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

Cases

*Crawford & Sons LTD v. Besser*, 298 F. Supp.2d 317 (E.D.N.Y. 2004) . . . . . . . . . . . . 5

*In re Par Pharmaceutical, Inc. Securities Litigation*, 133 F.R.D. 12 (S.D.N.Y. 1990). . . . 6

*In re Worldcom Securities Litigation Inc.*, No. 02 Civ. 3288, 2002 WL 31729501
(S.D.N.Y. December 5, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Johnson v. New York City Police Department*, No. 01 Civ. 6570,
2003 WL 21664882 (S.D.N.Y. July 16, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Kashi v. Gratsos*, 790 F.2d 1050 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

*Rosenthal v. Giuliani*, No. 98 Civ. 8408, 2001 WL 121944
(S.D.N.Y. February 9, 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*SEC v. Dresser Industries*, 628 F.2d 1368 (D.C. Cir. 1980) . . . . . . . . . . . . . . . . . . . . . 6

*SEC v. Treadway,* No. 04 Civ. 3464, 2005 WL 713826
(S.D.N.Y. March 30, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sterling National Bank v. A-1 Hotels International, Inc.,*
175 F.Supp.2d 573 (S.D.N.Y 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Trustees of the Plumbers and Pipefitters National Pension Fund v.
Transworld Mechanical Inc.*, 886 F.Supp. 1134 (S.D.N.Y.1995) . . . . . . . . . . . . . . . *passim*

*Volmar Distributors v. New York Post*, 152 F.R.D. 36 (S.D.N.Y. 1993) . . . . . . . . . 6, 8, 9

Statutes

New York Penal Law Section 190.65(1)(b) (Mc Kinney's 2007) . . . . . . . . . . . . . . . . . . . 2

New York General Business Law Section 352-(c)(5)(Mc Kinney's 2007). . . . . . . . . . . . . 2

New York General Business Law Section 352-(c)(6) (Mc Kinney's 2007) . . . . . . . . . . . 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
SCOTT CHARNEY, ET AL.,                          :

                              Plaintiffs,        :        Case No. 07 CV 6272
                                                          (AKH)

          -against-                              :        ECF Case

                                                 :
CARLA ZIMBALIST, ET AL.,
                                                 :
                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW OF DEFENDANTS JENNIFER S.WILKOV AND EVOLUTIONARY STRATEGIC PLANNING, INC. IN SUPPORT OF THEIR MOTION TO STAY THESE PROCEEDINGS PENDING RESOLUTION OF A PENDING CRIMINAL CASE INVOLVING THE SAME FACTS, CIRCUMSTANCES, PEOPLE AND INVESTMENTS AS THIS CASE

This memorandum of law is respectfully submitted on behalf of Defendants Jennifer S. Wilkov ("Ms. Wilkov") and Evolutionary Strategic Planning, Inc. ("ESP"), a corporation wholly owned and operated by Ms. Wilkov, in support of their motion to stay these civil proceedings against them pending resolution of an ongoing criminal case filed in New York County by the Manhattan District Attorney and captioned *People v. Carla Zimbalist, et al.*, Indictment No. 2765/2007.

## PRELIMINARY STATEMENT

On or about June 26, 2007, a New York State Grand Jury, sitting in New York County, issued a felony indictment against Ms. Wilkov and two of the co-defendants in this action, Carla Zimbalist and Pam Chanla. The indictment accuses Ms. Wilkov of participating in a Scheme to Defraud in the First Degree and violating the anti-fraud provisions of New York's Martin Act. The allegations contained in the criminal indictment mirror those set forth in Plaintiffs' Complaint almost 100% because the civil complaint arises

out of the same series of transactions. The motion to stay has been made because a stay is necessary to avoid prejudice to Ms. Wilkov and her Fifth Amendment rights if she is forced to defend this action. Accordingly, for the reasons set out more fully below, in the interests of justice, these proceedings should be stayed until the criminal matter is resolved.

## STATEMENT OF FACTS

### The Criminal Proceedings

On or about June 26, 2007, a Grand Jury sitting in New York County returned an indictment against Jennifer Wilkov and two other individuals, Carla Zimbalist, Pam Chanla a.k.a. Sayasith Khammanivong. The indictment is attached as Exhibit A to the Declaration of Thomas M. Campbell, dated September 14, 2007 ("Campbell Decl."). After the indictment was issued, the District Attorney's Office brought a civil forfeiture action against Ms. Wilkov and obtained an interim order of attachment. The Verified Complaint, the Supporting Affidavit of Daniel Frooks, sworn to June 22, 2007, and the interim order of attachment filed in the forfeiture action, are attached as Exhibits D, E, and F to the Campbell Declaration.

The indictment accuses Ms. Wilkov of violating Penal Law Section 190.65(1)(b), Scheme to Defraud in the First Degree, General Business Law 352-(c)(5) and General Business Law Section 352-(c)(6). The latter statutes, part of New York's Martin Act, prohibit schemes to defraud in conjunction with the purchase and sale of securities. All of these charges are felonies. Ms. Wilkov, along with her codefendants Zimbalist and Chanla, is accused of engaging in a scheme to defraud by promoting investments in real properties that Zimbalist and Chanla were purportedly going to purchase, renovate and

2

resell.[1]  The investors were supposed to be repaid their investment plus a profit once the properties were sold.  Campbell Decl. Ex. D, ¶¶ 8-9.  According to the government, the properties were not purchased or renovated.  Instead the invested funds were used to pay off existing judgments and personal expenses of Zimbalist and Chanla and to remunerate Ms. Wilkov.  Campbell Decl. Ex. D, ¶ 10.  Ms. Wilkov is  also alleged to have used her position as a financial advisor with American Express Financial Advisors ("AEFA") to induce individuals to invest in the fraudulent scheme.  Campbell Decl. Ex. E, ¶ 6.

The indictment lists 27 individual victims of the alleged fraud.  Twenty-four of these individuals are named Plaintiffs in the Complaint in this action.  According to the government, the amount allegedly lost by the victims is $1,663,334. Campbell Decl. Ex. D, ¶ 11.

On September 7, 2007, Ms. Wilkov moved to dismiss the indictment on (among other reasons) the ground that the prosecution did not recognize that Ms. Wilkov and her family were also victims of Zimbalist and Chanla's investment scam.  A copy of the Notice of Motion to dismiss the indictment is attached as Exhibit C to the Campbell Declaration. The motion is scheduled to by heard by Justice Wittner on December 6, 2007.

The civil forfeiture action brought by the government is still pending.  A restraining order is in place that has frozen approximately $200,000, representing essentially 100%  of Ms. Wilkov's assets. Campbell Decl. ¶ 7  and Ex. F.

### The Civil Complaint

The Complaint in this Action has been brought by  essentially the same group

---

[1]Zimbalist and Chanla also were charged with multiple counts of Grand Larceny.  Ms. Wilkov has not been charged with even a single count of Grand Larceny.

3

of individuals who are listed as victims in the indictment.[2]  Filed two weeks after the indictment was issued, the Complaint mirrors the allegations made by the government in the criminal proceeding in that it asserts that the plaintiffs were induced to invest a fraudulent real estate scheme originated by Zimbalist and Chanla.  Complaint ¶ 2.  Like the government, Plaintiffs assert that Zimbalist and Chanla sought investments for the purchase, renovation and sale of properties that were never actually purchased, renovated or sold.  Complaint ¶ 14.  The Complaint also alleges that Zimbalist and Chanla utilized Ms. Wilkov and her status as an advisor with American Express Financial Advisors, Inc. ("AEFA") to promote the scheme and that Ms. Wilkov was paid a commission by Zimbalist and Chanla. Complaint ¶¶ 9, 11.  Plaintiffs also allege that Ms. Wilkov failed to exercise due diligence to investigate the credentials of Zimbalist and Chanla or the legitimacy of the real estate investments.  Complaint ¶¶ 13, 15.  Ameriprise Financial Services, Inc., the successor in interest to AEFA, Ms. Wilkov's former employer, also is named as a defendant.

The Complaint asserts claims against Ms. Wilkov and ESP for unjust enrichment, fraud, breach of fiduciary duty and seeks a return of $1,380,000 allegedly invested by the Plaintiffs in the fraudulent scheme.  Complaint Ex. 1.

## ARGUMENT

### I.    The Interests of Justice Require that the Court Stay the Civil Case Against Ms. Wilkov and ESP

It is axiomatic that district courts have the discretionary authority to stay a case when the interests of justice so require. *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir.

---

²        Attached as Exhibit B to the Campbell Declaration is a chart showing that individuals who appear as Plaintiffs in this action are listed as, or joint investors with, victims in the indictment.

1986) (citations and internal quotations omitted); *Crawford & Sons LTD v. Besser*, 298 F. Supp.2d 317, 319 (E.D.N.Y. 2004). The district court can employ a stay to address the interests of a criminal defendant asserting Fifth Amendment rights who faces the difficult choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal proceeding if those rights are waived. *In re Worldcom Securities Litigation Inc.*, No. 02 Civ. 3288, 2002 WL 31729501 at *3 (S.D.N.Y. December 5, 2002) (hereinafter "Worldcom") (citation omitted).

Courts in this District consider at least six factors, all of which are present here and counsel a stay, to determine whether a stay is appropriate. The factors are: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the courts and (6) the public interest. *Trustees of the Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y.1995); *see also SEC v. Treadway,* No. 04 Civ. 3464, 2005 WL 713826 at *2-3 (S.D.N.Y. March 30, 2005*); (*setting out six factor test); Johnson v. New York City Police Department*, No. 01 Civ. 6570, 2003 WL 21664882 (S.D.N.Y. July 16, 2003) (same); *Worldcom*, 2002 WL 31729501 at *3 (same). As shown below, in this case all of the listed factors are present and weigh in favor of granting the requested stay.

## A.    Overlap of Issues

"The strongest case for granting a stay is where a party under criminal

5

indictment is required to defend a civil proceeding involving the same subject matter." *Volmar Distributors v. New York Post*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) *citing SEC v. Dresser Industries*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). This "strongest case" is precisely the scenario before the Court here. The civil action involves the same actors, the same transactions and essentially the same allegations of wrongdoing as the criminal proceeding.[3] In fact, given the degree of overlap and timing of the filing of the Complaint (two weeks after the indictment was filed), one can reasonably assume that the indictment provided a model for the claims in the civil action. The identity of issues in the two actions makes it more likely that Ms. Wilkov's Fifth Amendment rights will be compromised if she is forced to participate in the civil proceeding. The scope of overlap of issues here weighs "strongly" in support of granting the stay. Volmar Distributors, 152 F.R.D. at 39.

## B.    Status of the Criminal Case

The existence of an indictment generally favors the granting of a stay in a related civil proceeding. *Johnson v. New York City Police Department*, 2003 WL 21664882 at * 2 *citing In re Par Pharmaceutical, Inc. Securities Litigation*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). As Judge Lynch of this Court stated in *Sterling National Bank v. A-1 Hotels International, Inc.,* 175 F.Supp.2d 573, 577 ( S.D.N.Y 2001) "[w]hen a defendant has been indicted, his situation is particularly dangerous, and takes a certain priority, for the risk to

---

<sup>3</sup>        As shown on the accompanying chart (Campbell Decl., Exhibit B ), the degree of overlap is extraordinary. For example, 28 of the 30 Plaintiffs specifically named in the Complaint are either mentioned in the indictment or are allegedly joint investors with those mentioned in the indictment; the properties referenced by the government in ¶ 11 of the Frooks Affidavit are referenced in the Complaint (Campbell Decl. ¶ 6 and Ex. E) and all of the individual criminal defendants are named as Defendants in the Complaint. The amount allegedly defrauded by the criminal defendants is $1,663,334 which is comparable to the $1,380,000 allegedly invested and lost by the Plaintiffs (accounting for the fact that the indictment mentions other investors who are not Plaintiffs in this action).

his liberty, the importance of safeguarding his constitutional rights, and even the strain on his resources and attention that makes defending satellite civil litigation particularly difficult, all weigh in favor of his interest." In light of the serious nature of the charges against Ms. Wilkov and the impact on her constitutional rights, the interests of justice support allowing Wlikov to focus her time and resources on defending the criminal case without simultaneously being forced to contest the civil proceedings.

The pendency of the indictment also reduces the impact of a stay on the Plaintiffs because it is likely that the criminal case will be resolved relatively expeditiously, either because the motion to dismiss the indictment is granted or because the case will proceed to trial in the time frame mandated by the Speedy Trial Act. *See e.g.*, *Worldcom*, 2002 WL 31729501 at *5 (prejudice of delay to civil plaintiff reduced because of Speedy Trial Act considerations); *Transworld*, 886 F.Supp. at 1139 (same); *Sterling National Bank*, 175 F. Supp.2d at 577 (same).

## C.    The Interests of the Plaintiffs

Plaintiffs will suffer no real prejudice if a stay is entered. In fact their interests may be served if the criminal proceeding is concluded before the civil case proceeds because the criminal action may clarify the issues and make any later civil discovery more efficient. *See Rosenthal v. Giuliani*, No. 98 Civ. 8408, 2001 WL 121944 at *2 (S.D.N.Y. February 9, 2001). In addition, as Ms. Wilkov's assets are currently subject of a freeze order, the stay does not increase the risk that Plaintiffs will not be able to enforce a judgment. In fact a stay increases the probability that there will assets available to pay restitution to the Plaintiffs because it allows Ms. Wilkov to avoid the cost of duplicative

7

litigation.

## D.    The Interests of the Defendant

The prejudice to Ms. Wilkov if she must defend both actions simultaneously is clear. If a stay is not granted she is faced with "the quandary of choosing between waiving [her] Fifth Amendment rights or effectively forfeiting the civil case." *Transworld*, 886 F.Supp. at 1140. Moreover, Ms. Wilkov will be forced to expend her limited resources in defending two actions--resources that should be preserved in the event a judgment or order of restitution is entered against her. *See Worldcom*, 2002 WL 31729501 at *8 ( burden on defendant's limited resources weighed in favor of granting stay).

Refusing to grant a stay may also prejudice Ms. Wilkov's criminal defense in other ways. If the civil case proceeds, Plaintiffs may seek discovery beyond the limits imposed by the applicable rules of criminal procedure. Ms. Wilkov's response to the civil action may also expose the basics of her criminal defense to the prosecution in advance of trial or otherwise prejudice Ms. Wilkov's criminal case. *Volmar Distributors*, 152 F.R.D. at 39 (prejudice to defendant results from expanded discovery in civil case and exposure of defense strategy to prosecution in advance of criminal trial).

## E.    The Interests of the Court

A concern for judicial efficiency does not necessarily militate against granting a stay. *Transworld*, 886 F.Supp. at 1140 ("Judicial efficiency also weighs in favor of granting a stay."). The conviction (or acquittal) of a civil defendant as a result of a plea or after a trial can contribute significantly to narrowing the issues in dispute in the overlapping civil cases and can promote settlement not only by the defendant but by co-defendants who do not

8

face criminal charges. *Worldcom*, 2002 WL 31729501 at *8. In this case, resolution of the criminal matter will reveal the facts surrounding the alleged fraud and identify who is truly to blame,  thus expediting resolution of the civil matter.

Resolution of the criminal action may also make the civil discovery more efficient because transcripts from the criminal case would be available. *Rosenthal v Giuliani*, 2001 WL 121944 at *2. Moreover, the Court and the parties in the civil action would have the benefit of the criminal court's rulings, thus avoiding a wasteful duplication of resources. *Johnson v. New York City Police Department*, 2003 WL 21664882 at *2.

### F.    The Public Interest

A stay will not harm the public interest.  The public 's interest in identifying fraud doers and giving restitution to the victims of fraud will in large part be served by the criminal proceeding. *Volmar Distributors*, 152 F.R.D. at 40 (pending criminal prosecution serves to advance same public interest as civil case).  Moreover, the public has an interest in preserving assets as a source of payment of potential restitution orders: "When a defendant faces a criminal prosecution that is likely to accomplish as much if not more than can be achieved though civil litigation, there is little reason to deplete his resources through payment of attorney' fees to defend or participate in civil litigation that, while important, is essentially duplicative." *Worldcom*, 2002 WL 31729501 at *9.

### II.    The Action Against ESP Should Also be Stayed

Although ESP is not the subject of the criminal indictment, the factors addressed above militate in favor of granting a stay of the action against ESP.  As Ms. Wilkov founded and is the sole owner of ESP (Campbell Decl. ¶ 8),  forcing ESP to defend

9

the civil action would necessarily implicate Ms. Wilkov's Fifth Amendment rights and give rise to exactly the prejudice that Ms. Wilkov will suffer if the action were to proceed against her personally. Plaintiffs will suffer no undue prejudice if the action against ESP is stayed because the order freezing Ms. Wilkov's assets also applies to any interest she has in ESP. Campbell Decl. Ex. F.

It also will be more efficient to grant a stay for both Ms. Wilkov and ESP, who have identical interests and involvement in the matter, rather than allowing the case to proceed piecemeal against one and not the other. See e.g., Transworld, 836 F.Supp. at 1141 (court granted stay as to both individual defendants and the corporate defendants they controlled on grounds of efficiency).[4]

---

4    This motion seeks only to stay the proceedings against Ms. Wilkov and ESP. Of course, the Court has discretion, in the interests of justice, to stay the entire litigation against all of the Defendants pending resolution of the criminal matter.

10

## CONCLUSION

In light of the factors addressed above, the case for a stay of the civil proceedings against Ms. Wilkov and ESP is compelling. The prejudice to Ms. Wilkov if the action proceeds far outweighs any burden on the Plaintiffs if the action is stayed. The interests of the court and public of avoiding duplicative litigation and preserving assets also mandate in favor of a stay. Accordingly, defendants Jennifer Wilkov and ESP respectfully request that their motion for a stay be granted.

Dated:    New York, New York
          September 14, 2007

Respectfully Submitted,

SMITH CAMPBELL, LLP

By:    _____/s/_____
       Thomas M. Campbell (TC1690)
       110 Wall Street
       New York, New York  10005
       Telephone: (212) 344-1500
       Telecopy: (212) 344-5585
       Attorneys for Defendants
       Jennifer S. Wilkov and Evolutionary
       Strategic Planning, Inc.

11