UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(Manhattan)

-------------------------------------------------------------------------X

SCOTT CHARNEY, DIVA GOODFRIEND-KOVEN, ROBERT
REACH, ELLEN REACH, TONI ALLEN, SCOTT EDVABSKY,
ANTHONY CORSARO, GARY ZUCCARO, BRUCE
LICHTENSTEIN, ROBERT ANARUMO, KAREN FUSCO, BONNIE
AND WAYNE VARTABEDIAN, GEORGE YU, CONNIE SIMONS,
LAURA FLAX, JAY COON, NEIL BLITZ, MARNI BLITZ, JOSEPH
LEVINE, NINA CHAIFETZ, ED HARAN, ANNE HARAN, KATHY
PASHUCK, BRUCE FULLER, TRACEY PECK, JEFF PECK,
ELIZABETH TYMCZYSZYN, and GATA REALTY, LLC,

        Case No.:

        07 CV 6272 (AKH)

        <u>ECF CASE</u>

              Plaintiffs,

     V.

CARLA ZIMBALIST PAM CHANLA JENNIFER S. WILKOV,
EVOLUTIONARY STRATEGIC PLANNING, INC., and
AMERIPRISE FINANCIAL, INC.,

              Defendants.

-------------------------------------------------------------------------X

**<u>MEMORANDUM OF LAW OF THE PLAINTIFFS IN
LIMITED OPPOSITION TO THE MOTION OF JENNIFER
S. WILKOV AND EVOLUTIONARY STRATEGIC
PLANNING, INC., TO STAY THESE PROCEEDINGS
PENDING THE RESOLUTION OF A CRIMINAL CASE</u>**

Brody, O'Connor & O'Connor, Esqs.
111 John Street, Suite 900
New York, New York 10038
Telephone: (212) 344-1500

**Attorneys for the Plaintiffs**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………....iii

PRELIMINARY STATEMENT………………………………………….. 2

ARGUMENT………………………………………………………….…3

    I.    Defendants Wilkov and ESP Are Not Entitled to a Total,
Open-Ended Stay of this Action Pending the Outcome
of the Criminal Action Against Defendant Wilkov Because
the Balance of Factors Weigh Against the Justice
of Such a Stay………………………………………………3

        A.    The Standard for Determination……………………………3

        B.    The First and Second Factors………………………………4

        C.    The Private Interests of the Plaintiffs………………………4

        D.    The Interests of the Defendant……………………………..6

        E.    The Interests of the Court………………………………….6

        F.    The Interests of the Public…………………………………7

    II.    In the Event that the Court Grants Any Stay to Defendants
Wilkov and ESP, the Court Should Set Conditions Upon the
Grant of Such a Stay…………………………………………………8

        A.    This Court has the Authority to Order a Partial Stay
and Impose Conditions……………………………………8

        B.    Defendants Wilkov and ESP Should be Required to
Submit to Certain Conditions in Order to Receive a
Stay of Discovery as Against Them………………………9

    CONCLUSION…………………………………………………….11

# **TABLE OF AUTHORITIES**

Cases

*Crawford v. Besser*, 298 F. Supp. 2d 317 (SDNY 2004)……………………………..3

*Kashi v. Gratsos*, 790 F. 2d 1050 (2nd Cir. 1986)…………………………………..3

*Trustees of the Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp.1134 (SDNY 1995)……………...3, 4, 8

*In re Par Pharmaceutical, Inc. Securities Litigation*, 133 FRD 12 (SDNY 1990)…3

*Travelers v. Vanderbilt Group*, 2002 U.S. Dist. LEXIS 7939,
01 Civ. 7927 (DLC), 01 Civ. 10695 (DLC) (SDNY May 2, 2002)…………3, 5, 6, 8

*In re WorldCom, Inc. Securities Litigation*,
2002 U.S. Dist. LEXIS 23172, Master File 02 Civ. 3288 (DLC),
02 Civ. 4816 (DLC), (SDNY December 5, 2002)…………………………..3, 5, 7, 8

*Sterling National Bank v. A-1 Hotels International, Inc.*,
175 F. Supp. 2d 573 (SDNY 2001)……………………………………………4, 5, 6

*Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus*,
486 F. Supp. 1118 (SDNY 1980)……………………………………………………...4

*Volmar Distributors, Inc. v. The New York Post*, 152 F.R.D. 36 (SDNY 1993)…4, 7

*Citibank, N.A v. Hakim*, 1993 U.S. Dist. LEXIS 16299, 92 Civ. 6233
(SDNY November 17, 1993)……………………………………………………..6

*JHW Greentree Capital, L.P. v. Whittier Trust Co.*,
2005 U.S. Dist. LEXIS 14687, 05 Civ. 2985 (HB) (SDNY July 22, 2005)………..7

*SEC v. Treadway*, 2002 U.S. Dist. LEXIS 4951, 04 Civ. 3464 (JCF)
(SDNY March 30, 2005)………………………………………………………8

*United States v. 4003-4005 5th Ave*, 55 F.3d 78 (2nd Cir. 1995)…………………….8

*Garden City Irrigation v. Salamnca*, 7 Misc. 3d 1014A
(Sup Ct Nassau County 2005)……………………………………………………...10

Statutes

New York Criminal Procedure Law § 30.30…………………………………..5, 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
(Manhattan)

------------------------------------------------------------------------------X

SCOTT CHARNEY, DIVA GOODFRIEND-KOVEN, ROBERT REACH, ELLEN REACH, TONI ALLEN, SCOTT EDVABSKY, ANTHONY CORSARO, GARY ZUCCARO, BRUCE LICHTENSTEIN, ROBERT ANARUMO, KAREN FUSCO, BONNIE AND WAYNE VARTABEDIAN, GEORGE YU, CONNIE SIMONS, LAURA FLAX, JAY COON, NEIL BLITZ, MARNI BLITZ, JOSEPH LEVINE, NINA CHAIFETZ, ED HARAN, ANNE HARAN, KATHY PASHUCK, BRUCE FULLER, TRACEY PECK, JEFF PECK, ELIZABETH TYMCZYSZYN, and GATA REALTY, LLC,

Case No.:
**07 CV 6272 (AKH)**

**ECF CASE**

Plaintiffs,

V.

CARLA ZIMBALIST PAM CHANLA JENNIFER S. WILKOV, EVOLUTIONARY STRATEGIC PLANNING, INC., and AMERIPRISE FINANCIAL, INC.,

Defendants.

------------------------------------------------------------------------------X

**MEMORANDUM OF LAW OF THE PLAINTIFFS IN LIMITED OPPOSITION TO THE MOTION OF JENNIFER S. WILKOV AND EVOLUTIONARY STRATEGIC PLANNING, INC., TO STAY THESE PROCEEDINGS PENDING THE RESOLUTION OF A CRIMINAL CASE**

This memorandum of law is respectfully submitted on behalf of the plaintiffs in limited opposition to the motion by defendants JENNIFER S. WILKOV ("Wilkov") and EVOLUTIONARY STRATEGIC PLANNING, INC., ("ESP"), for a stay of these proceedings pending the outcome of a criminal case filed in New York County by the District Attorney for the County of New York, Robert Morgenthau.

1

**Preliminary Statement**

This case is one made for securities fraud, breach of fiduciary duty, consumer fraud, common-law fraud, and violation of the Investment Advisors Act. It arises out of a scheme involving the sale of investments in a project by which two of the defendants, Carla Zimbalist and Pam Chanla, were to purchase residential property in California, refurbish the property, and sell it for a profit, a process commonly known as "flipping" the property. The investments were promoted by Wilkov to the plaintiffs, first during the time she was employed by defendant Ameriprise Financial, Inc.'s ("Ameriprise") predecessor, American Express Financial Advisors, and then later after Wilkov left to form ESP.

The investments were a fraud. Of the nine properties that were allegedly purchased to be flipped, only three ever had any connection to the defendants, and two of those were the subject of foreclosure actions. Wilkov received "finders fees" from Carla Zimbalist and Pam Chanla, which she failed to disclose to the plaintiffs, all of whom were her financial advising clients. Wilkov failed to conduct even a minimal investigation, let alone an investigation reflecting due diligence before offering investment advice to the plaintiffs. The majority of the plaintiffs were clients of Ameriprise's predecessor during the fraud.

As a result of this conduct, Wilkov, Carla Zimbalist, and Pam Chanla were indicted in the Supreme Court of the State of New York, New York County, for multiple felonies by a grand jury. That action is in the discovery phase.

Wilkov and ESP now seek a stay of discovery as to them in this action pending the outcome of the criminal case. For the reasons set forth below, the plaintiffs oppose Wilkov and ESP's motion.

**Argument**

**I. DEFENDANTS WILKOV AND ESP ARE NOT ENTITLED TO A TOTAL, OPEN-ENDED STAY OF THIS ACTION PENDING THE OUTCOME OF THE CRIMINAL ACTION AGAINST DEFENDANT WILKOV BECAUSE THE BALANCE OF FACTORS WEIGH AGAINST THE JUSTICE OF SUCH A STAY.**

A court has the authority to stay a civil action pending the outcome of a criminal investigation, *see*, *e.g.*, *Crawford v. Besser*, 298 F. Supp. 2d 317 (SDNY 2004), but "the Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings . . . ." *Kashi v. Gratsos*, 790 F. 2d 1050, 1057 (2nd Cir. 1986) (*quoting from* SEC v. Dresser Industries, *628 F. 2d 1368, 1372 (D.C. Cir.) (en banc)* cert. denied, *449 US 993 (1980)*). "A total stay is a drastic measure," *Trustees of the Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp.1134, 1138 (SDNY 1995), and while some courts in the Southern District have opined that "the weight of authority in [the Second Circuit] indicates that courts will stay a civil proceeding when criminal investigation has ripened into an indictment," *In re Par Pharmaceutical, Inc. Securities Litigation*, 133 F.R.D. 12, 13 (SDNY 1990), more recent cases have acknowledged a division in the authority within the Southern District. *See*, *e.g.*, *Travelers v. Vanderbilt Group*, 2002 U.S. Dist. LEXIS 7939, 01 Civ. 7927 (DLC), 01 Civ. 10695 (DLC), *8 (SDNY May 2, 2002) (*noting division in authority as to granting stays of civil action after indictment of a defendant or witness*). "Ultimately, any decision as to a stay is a fact bound, and must be made after careful consideration of the circumstances peculiar to the action." *In re WorldCom, Inc. Securities Litigation*, 2002 U.S. Dist. LEXIS 23172, Master File 02 Civ. 3288 (DLC), 02 Civ. 4816 (DLC), * 31-32 (SDNY December 5, 2002).

**A. The Standard for Determination**

In determining whether to grant a stay pending the outcome of a criminal proceeding, courts consider six factors:

3

> 1) The extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Transworld*, 886 F. Supp. at 1139.

**B. The First and Second Factors**

The first and second factors support granting a stay as to Wilkov, in that the facts giving rise to the complaint are substantially similar to those giving rise to the indictment and Wilkov has been indicted. *See*, *e.g.*, *Transworld*, 886 F. Supp. at 1139-1140. However, this does not end the inquiry, for "parties who claim to have been victimized by frauds or other crimes are entitled to pursue their remedies," *Sterling National Bank v. A-1 Hotels International, Inc.*, 175 F. Supp. 2d 573, 575 (SDNY 2001), and the fact "[t]hat [defendants'] conduct also resulted in a criminal charge against [her] should not be availed of by [her] as a shield against a civil suit and prevent the plaintiff from expeditiously advancing [their] claim." *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus*, 486 F. Supp. 1118, 1119 (SDNY 1980).

**C. The Private Interests of the Plaintiffs**

The private interest of any plaintiff includes the expeditious resolution of disputes. *See*, *e.g.*, *Volmar Distributors, Inc. v. The New York Post*, 152 F.R.D. 36, 40 (SDNY 1993). However, the interests of the plaintiffs in this action are all the more pressing. Several of the plaintiffs went into debt or altered retirement investments to finance the fraudulent investments Wilkov promoted. By way of example, plaintiff, Elizabeth Tymczyszyn, used a Home Equity Line of Credit to pay for a portion of her investments, with Wilkov's full knowledge and upon Wilkov's recommendation. The plaintiffs are ill-positioned to absorb the financial burden of delaying this action with a stay.

4

An additional consideration in weighing the prejudice to the plaintiffs is the amount of delay the criminal action may cause. *Sterling National Bank*, 175 F. Supp. 2d at 579; *Travelers*, 2002 U.S. Dist. LEXIS 7939 at *8-*9. In support of the argument for a stay, Wilkov and ESP note that courts have considered the time limits of the Speedy Trial Act in reducing the prejudice delay would cause to plaintiffs. *Wilkov and ESP's Memorandum of Law in Support*, p. 7. It is true that cases have considered statutorily-imposed deadlines for the criminal trial in weighing prejudice to plaintiffs, *see*, *e.g.*, *WorldCom*, 2002 U.S. Dist. LEXIS 23172 at *16. The mere existence of a deadline does not compel a stay. Rather, courts consider the actual likely delay in the over-all context of the litigation. *See*, *e.g.*, *Sterling National Bank*, 175 F. Supp. 2d at 571 (*six-month delay in proceedings unreasonable in light of civil actions' status*).

In this instance, the criminal action against Wilkov is in its infancy, having only started discovery. New York Criminal Procedure Law § 30.30 allows the state up to six months to bring a felony defendant to trial. *NY CPL § 30.30(1)(a)*. Moreover, Criminal Procedure Law § 30.30 excludes from so-called "chargeable time" any continuances requested by defense counsel or to which defense counsel consents. *NY CPLR § 30.30 (4)(b)*. This allows Wilkov a method by which both the criminal and civil actions may be prolonged for an indeterminate period of time.

Furthermore, the plaintiffs have agreed to extend the time for each of the appearing defendants to answer on multiple occasions. To date, they have not done so. An additional six-month delay would make this case eight months old without any answer from the defendants, let alone discovery. *Compare, Sterling National Bank*, 175 F. Supp. 2d at 579 (*denying stay where it would cause case to be over one year old without completion of discovery*).

Courts have also recognized that delaying the progress of a civil action prejudices the plaintiff by creating the danger that a defendant's assets will be exhausted before plaintiffs can be compensated, *see*, *e.g.*, *Travelers*, 2002 U.S.Dist. LEXIS 7939, at *8-9. In this instance, Wilkov and ESP have had their assets frozen, which are in New York State. While that may

5

decrease the likelihood that they will transfer assets from within the state to an unknown location, it does not relieve the concern noted by the *Travelers* court: that the defendants' assets may be consumed before judgment or settlement may be reached. *Id.*

The interests of plaintiffs are great, as is the prejudice caused by any delay. This factor weighs heavily against a stay.

### D. The Interests of the Defendant

Wilkov and ESP have an obvious interest in staying the case, at least as to conducting depositions of Wilkov and ESP. Wilkov and ESPs interest in a total stay would be considerably less if oral depositions of Wilkov and ESP were stayed pending the outcome of the criminal action, since Wilkov would be spared the dilemma of offering evidence against herself or risking an adverse inference at trial in the civil action.

### E. The Interests of the Court

Granting a stay in a civil action pending the outcome of a criminal case imposes "a burden on the court's ability to manage its cases." *Sterling National Bank*, 175 F. Supp. 2d at 580. The stay sought in this case, like the one in *Sterling National Bank*, would substantially halt the civil litigation indefinitely without any predictability as to when the case would return to the Court's active docket. *Id.* "Such a postponement would require this court either to 'rely upon fortuitous events to manage its docket' . . . ." *Citibank, N.A v. Hakim*, 1993 U.S. Dist. LEXIS 16299, 92 Civ. 6233, *6 (SDNY November 17, 1993), or guess when the criminal action will be concluded. As noted above, the speedy trial requirements of NY CPL § 30.30, by themselves, do not provide an adequate level of predictability because they may be waived with the consent of the defendant.

Although Wilkov argues that the criminal trial may actually enhance efficiency, this is not necessarily so. At least one entity that plays a substantial role in the facts underlying both the complaint and the indictment was not named in the indictment: Ameriprise. Moreover, Wilkov's

6

deposition will still be required, regardless of what testimony is presented at trial, because, presumably, she will not testify.[1] The argument that the outcome of the criminal action may narrow the issues ignores the possibility that Wilkov may be acquitted. If Wilkov is acquitted, the issue of her civil liability would still need to be fully litigated.

In light of the foregoing, the interests of the court weigh against granting a stay in this action.

**F. The Interests of the Public**

The public has a strong interest in the swift administration of justice in civil actions. *See*, *e.g.*, *JHW Greentree Capital, L.P. v. Whittier Trust Co.*, 2005 U.S. Dist. LEXIS 14687, 05 Civ. 2985 (HB), *7 (SDNY July 22, 2005). Moreover, "[t]he public certainly has an interest in the preservation of the integrity of competitive markets." *Volmar*, 152 F.R.D. 36, 40. Despite defendants' claims, the public's interest will not "in large part be served," *Def.'s Memo*, at 9, by the criminal action. Co-defendant Ameriprise is not named as a defendant in the criminal action, yet Ameriprise played a substantial part in the wrongdoing in that it failed to protect its client from the actions of its employee, Wilkov, and plaintiffs contend Ameriprise is responsible for her conduct under the doctrine of *respondeat superior*. In many ways, Ameriprise is the defendant best able to ensure the integrity of consumer investments in the future in that it is the defendant with the largest number of members of the public as clients. In that regard, this case is distinguishable from *In re WorldCom*, upon which the defendants Wilkov and ESP rely. *Def.'s Memo*, at 9.

In determining whether staying a civil action pending the completion of a related criminal case is in the public interest, courts have also considered the position of the prosecuting

---

[1] In the event that Wilkov does testify at her criminal trial, then any stay itself will have been little more than a meaningless delay.

7

authority. *See*, *e.g.*, *Travelers*, 2002 U.S. Dist. LEXIS 7939 at *12. Here, the New York County District Attorney's office has not taken a position, so, presumably, does not believe that the public interest is furthered by a stay of discovery in this action. *Compare*, *In re WorldCom*, 2002 U.S. Dist. LEXIS 23172 (*U.S. Attorney's support for a stay of the civil action considered in discussion of the public's interest*); *SEC v. Treadway*, 2002 U.S. Dist. LEXIS 4951, 04 Civ. 3464 (JCF) (SDNY March 30, 2005).

In light of the foregoing, a complete stay of this action pending the conclusion of the criminal action against Wilkov is inappropriate.

## II. IN THE EVENT THAT THE COURT GRANTS ANY STAY TO DEFENDANTS WILKOV AND ESP, THE COURT SHOULD SET CONDITIONS UPON THE GRANT OF SUCH A STAY.

While a total stay of this action pending the outcome of the criminal case is not in the interests of justice in this case, a partial stay, subject to certain limitations and conditions, may be appropriate.

### A. This Court Has the Authority to Order a Partial Stay and Impose Conditions

In light of the "drastic" nature of a total stay, *Transworld*, 886 F. Supp. at 1138, courts not only have the authority, but, in fact, are encouraged to seek alternatives that safeguard the interests of defendants and allow civil actions to proceed. As the Court of Appeals for the Second Circuit noted in *United States v. 4003-4005 5th Ave.*,

> courts, upon an appropriate motion, should seek out those ways that further the goal of permitting as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege. Thus, if there is a timely request made to the court, the court should explore all possible measures in order to 'select that means which "strikes a fair balance . . . and . . . accommodates both parties.'"

*United States v. 4003-4005 5th Ave*, 55 F.3d 78, 84 (2nd Cir. 1995).

8

**B. Defendants Wilkov and ESP Should be Required to Submit to Certain Conditions in Order to Receive a Stay of Discovery as Against Them**

The issue then becomes to what extent, and upon what conditions, the Court issues a stay of these proceedings. Defendants Wilkov and ESP only seek a stay as against them. However, for example, defendants do not put a time limitation on the stay, although presumably, it would be until a resolution of the criminal case is reached. A stay until the complete resolution of the criminal case is certainly inappropriate. There may come a time that there is a partial completion of the criminal case, i.e. a plea by Wilkov. That plea may have conditions to it that may not be completed for some time. However, upon an adjudication of her liability in the criminal case, certainly this action could continue.

In addition, Wilkov and ESP have not formally appeared or served an answer. Presumably, Wilkov does not wish to answer the specific allegations of the complaint until after the criminal case is decided. It would seem that Wilkov should be compelled to submit to the jurisdiction of this Court and waive the defenses of service of process and statute of limitations before being granted a stay.

The plaintiffs as a group would have no objection to a stay provided that there was a time limit within which, at the conclusion thereof, defendant would have to reapply for the stay if the criminal matter was not sufficiently resolved. Plaintiffs would suggest a six month stay is appropriate. During that time, plaintiffs can either resolve their differences on the merits with the co-defendant Ameriprise, or address the anticipated Ameriprise motion to dismiss the complaint, and submit said motion to the Court. It is likely that other than preliminary discovery, no other discovery will take place in this action due to Ameriprise's motion, as it relates to a 10b-5 claim, which operates to stay discovery. In the interim, counsel for Ameriprise and counsel for the plaintiffs are attempting to work out preliminary discovery. Thus, a stay that has a duration of six

months, and would require Wilkov to apply for a further stay at that time if warranted, would not detrimentally affect the parties hereto.

The only then remaining issue would be whether plaintiffs could be jeopardized by the stay. Wilkov's counsel has attached a copy of a temporary restraining order which purports to restrain Wilkov's assets, wherever they may be situated. However, when your affiant met with Wilkov's counsel, it was represented that only Wilkov's assets in the State of New York were restrained. As such, in exchange for obtaining a stay in the civil proceedings herein, Wilkov should consent to a restraint of her assets, wherever they may be situated. In this regard, the Court should note that the allegations of the complaint are that Wilkov was part of a scheme to fraudulently transfer the assets of the victims, which were located within the State of New York, to California for the purchase of real property. In addition, Wilkov assisted these victims in purchasing other investments in real estate, in states other than New York. Wilkov is a professional financial advisor, and is sophisticated in terms of investing monies. It is clear that she has the knowledge and resources to transfer money outside the state of New York and into many different types of investments. As a condition of any stay, Wilkov should be ordered by this Court to agree to an appropriate restraint of her assets, so that assets may not utilized other than her true ordinary course of living, and all investment type assets should be restrained. In light of the thus-far uncontested allegations, such a restraint is appropriate. *See*, *e.g.*, *Garden City Irrigation v. Salamnca*, 7 Misc. 3d 1014A¸ 1014A (Sup Ct Nassau County 2005) (*where the uncontested allegations are that the defendant engaged in fraud against the plaintiffs in the past, an order of attachment is appropriate*).

Further, Wilkov, and not her attorneys, should be compelled to submit to the Court a statement as to her assets, and the location thereof. Certainly, if Wilkov wants to benefit from the stay, she should not be permitted to utilize that stay to hide assets from the plaintiffs herein. Clearly the alleged two hundred thousand dollars presently under restraint is not sufficient to

10

cover the damages sustained by the plaintiffs, and if Wilkov truly wishes to stay all proceedings against her and believes in her innocence, she should have no objection to disclosing her assets, their whereabouts, and agreeing to a restraint of same while the stay is in effect. After all, she claims that all of her assets have been restrained in any event.

### Conclusion

The factors discussed above weigh against a total stay as to Wilkov and ESP in this case, and thus that motion should be denied. However, plaintiffs do not oppose a stay in this action that: (1) is limited to six months; (2) operates only as to Wilkov and ESP; (3) is conditioned upon Wilkov and ESP's submission to the personal jurisdiction of this court and a waiver of affirmative defenses based on service of process and Statute of Limitations; (4) is conditioned upon a personal declaration by Wilkov of all of her assets, wherever located; (5) is conditioned upon submission by Wilkov to an attachment of all her assets, wherever located. In light of all the circumstances, such a limited and conditional stay is the best way to strike a fair balance between the interests of all of the parties.

Dated: New York, New York
       September 26, 2007

                          Respectfully Submitted,

                          BRODY, O'CONNOR & O'CONNOR, ESQS.

By:   /S/_____
       SCOTT A. BRODY (SB4148)
       111 John Street, Suite 900
       New York, New York 10038
       Telephone: (212) 233-2505
       Telecopy: (212) 233-2506
       Attorneys for the Plaintiffs