UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SCOTT CHARNEY, ET AL.,                :
                                      :    Case No. 07 CV 6272
                    Plaintiffs,       :    (AKH)
                                      :
        -against-                     :    ECF Case
                                      :
CARLA ZIMBALIST, ET AL.,              :
                                      :
                    Defendants.       :
------------------------------------X

### REPLY MEMORANDUM OF LAW OF DEFENDANTS JENNIFER WILKOV AND EVOLUTIONARY STRATEGIC PLANNING, INC. IN SUPPORT OF THEIR MOTION TO STAY THESE PROCEEDINGS PENDING RESOLUTION OF A PENDING CRIMINAL CASE

This Reply Memorandum of Law is respectfully submitted on behalf of Defendants Jennifer S. Wilkov ("Ms. Wilkov") and Evolutionary Strategic Planning, Inc. ("ESP"), a corporation wholly owned and operated by Ms. Wilkov, in further support of her motion for a stay of these civil proceedings pending resolution of an ongoing criminal case filed in New York County by the Manhattan District Attorney.

### PRELIMINARY STATEMENT

Plaintiffs' Memorandum of Law in Limited Opposition to the Motion of Jennifer S. Wilkov and Evolutionary Strategic Planning, Inc. to Stay These Proceedings Pending the Resolution of a Criminal Case ("Memo in Limited Opposition") unequivocally admits that:

> The **Plaintiffs as a group would have no objections to a stay** provided there was a time limit within which, at the conclusion thereof, defendant would have to reapply for the stay if the criminal matter was not sufficiently resolved.

Memo in Limited Opposition Point II.B. at p. 9 (emphasis added).  Plaintiffs then go on to admit that:

> Thus, **a stay that has a duration of six months**, and would require Wilkov to apply for a further stay at that time if warranted, **would not detrimentally affect the parties.**

*Id.* at pp. 9-10 (emphasis added).  Plaintiff's unequivocal consent in light of this admission should end the debate, at least to the extent of permitting a six month stay to be entered, subject to renewal thereafter if warranted.  Ms. Wilkov and ESP consent to Plaintiffs' formula.  Plaintiffs go on, however, to discuss several other supposed "conditions" to the six month stay they agree will not cause hardship to them or their case.  This reply addresses only those added, impermissibly onerous, and wholly unnecessary conditions.

### ARGUMENT

**1.     Plaintiffs' Demand that Ms. Wilkov be Required to Waive Defenses is both Unnecessary and an Impermissible Penalty**

As part of their consent to a six-month stay, and without citation to any legal authority or justification for the proposition, Plaintiffs demand that, as a condition to such stay, Ms. Wilkov should be required to "waive the defenses of service of process and statute of limitations." Memo in Limited Opposition at Point II.B. at p. 9.  Plaintiffs' proposal would be gross overreaching in any circumstances; in this case it is absurdly so in light of their admission that a six month stay "would not detrimentally affect the parties."

In the first place, forcing Ms. Wilkov to waive statute of limitations defenses would impermissibly burden her exercise of the constitutional right to remain silent in that it would force her to make a untenable choice between her constitutional rights and possibly meritorious defenses in the civil litigation. *Cf.*, *Garrity v. State of New Jersey*, 385

U.S. 493, 498-499, 87 S.Ct. 616,619-20 (1967) ("There are rights of constitutional stature whose exercise a State may not condition by the exaction of a price."); *Volmar Distributors, Inc. v. New York Post* 153, F.R.D. 36, 39 (S.D.N.Y. 1993) (granting a stay designed to avoid forcing defendants into position of having to choose between waiving their Fifth Amendment privilege or effectively forfeiting civil lawsuit). Waiver of the statute of limitations defense is proposed as a pure penalty for Ms. Wilkov's notice that she is exercising her 5th Amendment rights, as such, it would be improper and should be rejected.

In the second place, Ms. Wilkov and ESP have already agreed to waive defenses based upon service of process, as evidenced by the single stipulation entered into extending their time to answer.[1] Conditioning the agreed six month stay upon waiver of service of process defenses is therefore a meaningless act and should rejected by the Court.

**2.     Plaintiffs' demand for a Duplicative Restraining Order is Absurd**

Annexed as Exhibit F to the Campbell Declaration filed as part of Defendants' moving papers is a copy of the Order to Show Cause and Temporary Restraining Order ("TRO") entered by Honorable Martin Schulman in the Supreme Court of the State of New York, New York County, on July 3, 2007. New York law, in the form of N.Y Civil Practice Law and Rules ("CPLR") Article 13A, specifically provides for such a remedy in a forfeiture action by the District Attorney as a "claiming authority." (CPLR §§ 1311 and 1312.) The

---

[1]     A copy of the stipulation extending Ms. Wilkov's and ESP's time to respond to the complaint is annexed as Exhibit G to the Reply Declaration of Thomas M. Campbell dated October 3, 2007 ("Campbell Reply Dec.") for the convenience of the Court.

New York County restraining order restrains the assets of Ms. Wilkov, wherever they are located, as follows:

> ORDERED pending the hearing of plaintiff's motion for an Order of Attachment, Preliminary Injunction and Disclosure, pursuant to CPLR sections 1312, 1316, 13335 of Article 13-A, **the defendant [Ms. Wilkov] and all persons or entities, including all subsidiaries and or related businesses of such entity having property of said defendant in their possession are restrained from removing, transferring, assigning, disposing of, encumbering and/or secreting any legal, equitable, custodial or beneficial interest of said defendants** [*sic*] including, but not limited to, any legal, equitable, custodial or beneficial interest defendant have in **any real or personal property wherever located** or of $1,066,334 [the full amount of Plaintiffs' claimed out-of-pocket damages] and whether jointly or individually held or in any debts owed to said defendant . . . .

Campbell Exhibit F at p. 3 (emphasis added).[2]  The New York County TRO (which remains in place (Campbell Reply Dec. at ¶ 3)) imposes almost exactly the restraints Plaintiffs demand in their Memo in Limited Opposition.  Plaintiffs' demand for such a "dueling injunction" from this Court is therefore needlessly duplicative and potentially confusing or conflicting.[3]  Plaintiffs demand for a second, federal, order restraining her assets should be denied.

---

[2] There is no basis whatsoever for Plaintiffs statement that "when your affiant [*sic*.] met with Wilkov's counsel, it was represented that only Wilkov's assets in the State of New York were restrained." Memo in Limited Opposition, Point II.B. at p. 10.  Ms. Wilkov's counsel has never made such an absurd representation, which is in direct contradiction to the clear language of the New York County TRO.  Nor is there any "affiant" who says it did, because Plaintiffs did not submit an affidavit along with their Memo in Limited Opposition.

[3] While we believe it unnecessary to address such arguments in this case, the Court should bear in mind the doctrine of abstention articulated in *Younger v. Harris*, 401 U.S. 37 (1971), counseling against federal court actions which could interfere with ongoing State criminal proceedings.

4

Furthermore, these private Plaintiffs (in contrast to the District Attorney proceeding pursuant to CPLR Article 13A to restrain the alleged proceeds of a crime) do not have a right to pre-judgment attachment as a matter of law. The question was definitively settled by the New York Court of Appeals in *Credit Agricole Indosuez, et al. v. Rossiyskiy Kredit Bank, et al.*, 94 N.Y.2d 541, 544, 708 N.Y.S.2d 26, 28, 729 N.E.2d 683, 685 (2000) ("[O]ur courts have consistently refused to grant general creditors a preliminary injunction to restrain a debtor's asset transfers that allegedly would defeat satisfaction of any anticipated judgment.").

### 3. Ms. Wilkov Objects to Providing a Statement Detailing her Assets Except Under Seal

Ms. Wilkov has previously submitted a comprehensive statement detailing her assets in the State Court proceeding. Ms. Wilkov objects to filing that statement of assets without an appropriate order from this Court permitting her to file such statement under seal, and requiring Plaintiffs to maintain its contents in strictest confidence.

### 4. Plaintiffs' Cannot Show Prejudice if the Stay is Granted

Plaintiffs cannot show prejudice once they have agreed that a six month initial stay "would not detrimentally affect the parties." (Memo in Limited Opposition, Point II.B. at pp. 9-10.) Nevertheless, they use language of alleged prejudice in arguing for conditions to the non-prejudicial stay. (*Id.* at p. 10.) However, none of Plaintiffs' arguments even approximates the prejudice to Ms. Wilkov and ESP if they are forced to proceed with this trial as they simultaneously defend the criminal prosecution.

For example, Plaintiffs argue that, in the event of a stay, "defendant's assets may be exhausted before plaintiffs can be compensated." (Memo in Limited Opposition,

5

Point I.C. at p. 5.)  This argument is both speculative and irrelevant because: "plaintiffs have not demonstrated how forcing defendants to litigate both the civil and the criminal cases simultaneously would help plaintiffs."  *Volmar Distributors*, 153, F.R.D. at 40, fn. 6.

Also, Plaintiffs note that they have "agreed to extend the time for each of the appearing defendants to answer on multiple occasions" (Memo in Limited Opposition, Point I.C. at p. 5), as if such voluntary extensions constitute prejudice.  They do not.  In any event, the time for Ms. Wilkov and ESP to answer or otherwise respond to the complaint was extended only one time, to September 14, 2007.  Plaintiffs cannot show how their consent to such a short extension constitutes prejudice.  Moreover, Plaintiffs apparently expect Ameriprise to obtain a stay of discovery when it moves to dismiss the 10b-5 claims (Memo in Limited Opposition, Point II.B. at p. 9), thereby refuting any argument that a stay of discovery as to Ms. Wilkov and ESP would be prejudicial.

Similarly, the fact that Ameriprise has not been indicted (Memo in Limited Opposition, Point I.F. at p. 7) is irrelevant, because Ms. Wilkov and ESP do not seek a stay as to any other defendant.  And the very real possibility that Ms. Wilkov may be acquitted (*id.* at Point I.E.) is not a prejudice to Plaintiffs.  While a conviction would undoubtedly be useful to their case, a trial resulting in an acquittal would not constitute a prejudice, it merely would constitute a just result.

## **CONCLUSION**

In light of the clear and specific consent of Plaintiffs to a stay of at least six months, their further admission that such a stay "would not detrimentally affect the parties," and Ms. Wilkov's and ESP's consent to such initial six month duration, the Court should promptly grant the requested stay. The prejudice to Ms. Wilkov if the action proceeds combined with the admitted absence of any burden on the Plaintiffs if the action is stayed compel grant of the stay. The interests of the Court and public of avoiding duplicative litigation and preserving assets also argue in favor of a stay. Accordingly, Ms. Wilkov and ESP respectfully request that the Court stay these proceedings as to them for six months and provide that, at the end of which time, they may reapply for a further stay if the criminal matter is not sufficiently resolved.

Dated:   New York, New York
         October 3, 2007

Respectfully Submitted,
SMITH CAMPBELL, LLP

By:   /s/ Thomas M. Campbell
      Thomas M. Campbell (TC1690)
110 Wall Street
New York, New York  10005
Phone: (212) 344-1500
Fax: (212) 344-5585
Attorneys for Defendants
Jennifer S. Wilkov and Evolutionary
Strategic Planning, Inc.