UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT CHARNEY, DIVA COODFRIEND-
KOVEN, ROBERT REACH, TONI ALLEN,
SCOTT EDVABSKY, ANTHONY AND
BARBARA COSARO, GARY ZACCARO, BRUCE
LICHTENSTEIN, ROBERT ANARUMO, KAREN
FUSCO, BONNIE AND WAYNE
VARTABEDIAN, GEORGE YU, CONNIE
SIMONS, LAURA FLAX, JAY COON, NEIL
BLITZ, MARNI BLITZ, JOSEPH LEVINE, NINA
CHAIFETZ, ED HARAN, ANNE HARAN,
KATHY PASHUCK, BRUCE FULLER, TRACEY
PECK, JEFF PECK, ELIZABETH TYMCZYSZYN,
and GATA REALTY, LLC

                                    Plaintiff,

                - against -

CARLA ZIMBALIST, PAM CHANLA, JENNIFER
S. WILKOV, EVOLUTIONARY STRATEGIC
PLANNING, INC., and AMERIPRISE
FINANCIAL, INC.,

                                    Defendants.

07 Civ. 6272 (AKH)

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

NIXON PEABODY, LLP
437 Madison Avenue
New York, New York 1022-7001
Telephone: (212) 940-3000
Fax: (212)940-3111

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................... 1

FACTS ................................................................................................... 2

THE STANDARD ON A 12(b)(1) and 12(b)(6) MOTION TO DISMISS ................... 4

ARGUMENT ............................................................................................. 5

I.   THE FIRST CAUSE OF ACTION AGAINST AMERIPRISE MUST BE
     DISMISSED BECAUSE PLAINTIFFS' CONCLUSORY ALLEGATIONS
     DO NOT MEET THE PLEADING STANDARDS FOR CLAIMS OF
     BREACH OF CONTRACT OR UNJUST ENRICHMENT ........................... 5

     A.   The Claims for Breach of Contract Must Be Dismissed Because the
          Pleadings Fail to Allege that a Contract Existed Between Any
          Plaintiff and Ameriprise with Respect to the Real Estate
          Investments ............................................................................ 5

     B.   The Claim for Unjust Enrichment Must Be Dismissed Because the
          Pleadings Fail to Allege that Ameriprise Profited from the
          Plaintiffs' Investments in the Real Estate Transactions ..................... 7

II.  THE THIRD CAUSE OF ACTION AGAINST AMERIPRISE MUST BE
     DISMISSED BECAUSE AMERIPRISE DOES NOT HAVE A FIDUCIARY
     DUTY TOWARDS THE PLAINTIFFS .................................................. 9

III. PLAINTIFFS' FOURTH CAUSE OF ACTION AGAINST AMERIPRISE
     MUST BE DISMISSED BECAUSE THEY FAIL TO PLEAD FRAUD WITH
     PARTICULARITY SUFFICIENT TO MEET THE REQUIREMENTS OF
     FEDERAL RULE OF CIVIL PROCEDURE 9(B) THERE IS NO CAUSE OF
     ACTION FOR SECURITIES RELATED CLAIMS UNDER § 346 OF THE
     NEW YORK GENERAL BUSINESS LAW ............................................ 10

     A.   Plaintiffs' Fail to Plead Common-Law Fraud with the Requisite
          Particularity to Survive a Motion to Dismiss ................................ 10

     B.   Plaintiffs Cannot Maintain an Action Under § 349 of the New York
          General Business Law for Securities Related Claims ....................... 12

IV.  PLAINTIFFS' FIFTH CAUSE OF ACTION AGAINST AMERIPRISE
     MUST BE DISMISSED BECAUSE THERE IS NO PRIVATE CAUSE OF
     ACTION UNDER SECTION 206 OF THE INVESTMENT ADVISERS ACT
     OF 1940 ......................................................................................... 13

V.      PLAINTIFF'S SEVENTH CAUSE OF ACTION AGAINST AMERIPRISE
        MUST BE DISMISSED BECAUSE WILKOV WAS NOT ACTING WITHIN
        THE SCOPE OF HER EMPLOYMENT WHEN SHE ALLEGEDLY
        SOLICITED INVESTMENTS IN THE REAL ESTATE TRANSACTIONS ............ 15

VI.     PLAINTIFFS' EIGHTH AND NINTH CAUSES OF ACTION MUST BE
        DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO
        SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND
        RULE 10B-5 THEREUNDER AND FOR FAILURE TO MEET THE
        PLEADING REQUIREMENTS OF THE PRIVATE SECURITIES
        LITIGATION ACT ................................................................................................ 16

        A.      Plaintiffs failed to allege statements or omissions of material facts
                made by Ameriprise ........................................................................................ 17

        B.      Plaintiffs fail to plead the element of scienter necessary to maintain
                a securities fraud claim .................................................................................. 18

        C.      Plaintiffs' 10(b) and 10b-5 claims fail because they do not allege
                fraud in connection with the purchase or sale of a security ............................. 19

        D.      Plaintiffs' 10(b) and 10b-5 claims fail because they do not plead
                reliance on any alleged misstatements or omissions made by
                Ameriprise ...................................................................................................... 20

        E.      Plaintiffs' 10(b) and 10b-5 claims fail because they  do no plead the
                loss causation element of their claim ............................................................... 21

VII.    THE ACTION SHOULD BE STAYED AS TO SEVENTEEN PLAINTIFFS
        WHO WERE AEFS CLIENTS AND HAVE ARBITRATION
        AGREEMENTS WITH AMERIPRISE ....................................................................... 22

CONCLUSION ............................................................................................................................... 23

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities Inc.*,
   964 F. Supp. 147 (S.D.N.Y. 1997) ..................................................................................9

*ATSI Communs., Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87, 2007 U.S. App. LEXIS 16382 (2d Cir. July 11, 2007) ....................................21

*Aaron v. SEC*, 446 U.S. 680, 100 S. Ct. 1945 ......................................................................18

*Acito v. IMCERA Group*, 47 F.3d 47 (2d Cir. 1995) .............................................................19

*Advanced Marketing Group, Inc. v. Business Payment Systems, LLC*,
   481 F. Supp. 2d 319 (S.D.N.Y. 2007) .............................................................................5

*Am. Nat'l Theatre & Academy v. Am. Nat'l Theatre Inc.*,
   05 2006 U.S. Dist. LEXIS 69420 (S.D.N.Y. Sept. 27, 2006) ..............................................6

*Basic Inc. v. Levinson*,
   485 U.S. 224, 108 S. Ct. 978, 99 L. Ed. 2d 194 (1988) ....................................................20

*Bissell v. Merrill Lynch & Co.*,
   937 F. Supp. 237 (S.D.N.Y. 1996) ..................................................................................9

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
   373 F.3d 296 (2d Cir. 2004), *cert. denied* 544 U.S. 949, 125 S. Ct. 1704 (2005) .................7

*Carruthers v. Flaum*, 388 F. Supp. 2d 360 (S.D.N.Y. 2005) .........................................................7

*Central Bank of Denver v. First Interstate Bank of Denver*,
   511 U.S. 164, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994) ................................................18

*Citibank, N.A. v. K-H Corp.*, 968 F.2d 1489 (2d Cir. 1992) ...............................................21

*Compudyne Corp. v. Shane*, 453 F. Supp. 2d 807 (S.D.N.Y. 2006) ...............................................8

*Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957 (2d Cir. 1987)A ........................................11

*Crigger v. Fahnestock and Co., Inc.*,
   01 2003 U.S. Dist. LEXIS 16438 (S.D.N.Y. Sept. 18, 2003) .............................................15

*Dean Witter Reynolds Inc. v. Byrd*,
   470 U.S. 213 (1985) ..................................................................................................22

*Deloitte Noraudit A/S v. Deloitte Haskins & Sells,*
9 F.3d 1060 (2d Cir. 1993) ..................................................................22

*DiVittorio*, 822 F.2d at 1245 ................................................................11

*Ehrenfeld v. Mahfouz,*
04 Civ. 9641, 2006 U.S. Dist. LEXIS 23423 (S.D.N.Y. Apr. 26, 2006) ..................5

*Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.,*
343 F.3d 189 (2d Cir. 2003) .................................................................21

*Energy Factors Inc. v. Nuevo Energy Co.,*
91  1992 U.S. Dist. LEXIS 10208 (S.D.N.Y. July 7, 1992)................................15

*Equal Employment Opportunity Commission v. Hooters of America, Inc.,*
06-c 2007 U.S. Dist. LEXIS 2150 (W.D.N.Y. Jan. 9, 2007) ...............................4

*Ernst & Ernst v. Hochfelder,*
425 U.S. 185, 96 S. Ct. 1375, 47 L. Ed. 2d 668 (1976) ...............................18

*In re Evergreen Mutual Funds Fee Litigation,*
423 F. Supp. 2d 249 (S.D.N.Y. 2006) ................................................12, 13

*Fagan v. First Sec. Invs., Inc.,*
No. 04 Civ. 1021, 2006 U.S. Dist. LEXIS 66065 (S.D.N.Y. Sept. 15, 2006)................17

*First Nationwide Bank v. Gelt Funding Corp.,*
27 F.3d 763 (2d Cir. 1994) ..................................................................21

*Goldstein v. Fries & Associates, Inc.,*
72 F. Supp. 2d 620 (E. D. Va. 1999) ......................................................14

*Granite Partners, L.P. v. Bear, Stearns & Co.,*
58 F. Supp. 2d 228 (S.D.N.Y. 1999) .......................................................20

*Harsco Corp. v. Segui,*
91 F.3d 337 (2d Cir. 1996) ....................................................................5

*Highlands Insurance Co. v. PRG Brokerage, Inc.,*
01 Civ. 2272, 2004 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 6, 2004) .........................6

*Hirsch v. Arthur Andersen & Co.,*
72 F.3d 1085 (2d Cir. 1995) ...................................................................5

*Howell v. American Airlines, Inc.*,
05 2006 U.S. Dist. LEXIS 89229 (E.D.N.Y. Dec. 10, 2006)....................................................6

*Hughes, Hooker & Co.*, 2005 U.S. Dist. LEXIS 11381 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983))................................................22

*Hughes, Hooker & Co. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 04 Civ.
1859, 2005 U.S. Dist. LEXIS 11381 (S.D.N.Y. June 9, 2005) (quoting *David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.*, 923 F.2d 245, 248 (2d Cir. 1991)) ...................22

*In re IBM Securities Litigation*, 163 F.3d 102 (2d Cir. 1998)........................................17

*Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006 (2d Cir. 1986) ...............................4

*Kaye v. Grossman*, 202 F.3d 611 (2d Cir. 2000)...........................................................7

*Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005) ..........................17, 20, 21

*Lerner v. Fleet Bank, N.A.*, 318 F.3d 113 (2d Cir.), *cert. denied*, 540 U.S. 1012 (2003) ..............5

*Levine v. Futransky*, 636 F. Supp. 899 (N. D. Ill. 1986) ................................................14

*Lomaglio Assocs. Inc. v. LBK Mktg. Corp.*, 892 F. Supp. 89 (S.D.N.Y. 1995) ............10

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ...............................................4

*In re Marsh & McLennan Cos. Sec. Litig.*,
04 Civ. 8144, 2006 U.S. Dist. LEXIS 49525 (S.D.N.Y. July 19, 2007)...............................17

*McMahan Sec. Co. L.P. v. Forum Capital Markets L.P.*, 35 F.3d 82 (2d Cir. 1994) .................22

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
272 F. Supp. 2d 243 (S.D.N.Y. 2003) ................................................................14

*Morris v. Gilbert*,
649 F. Supp. 1491 (E.D.N.Y. 1986).................................................................13

*In re Parmalat Sec. Litig.*,
383 F. Supp. 2d 616 (S.D.N.Y. 2005) ..............................................................17

*Price v. Sterling Foster & Co.*,
222 F. Supp. 2d 289 (E.D.N.Y. 2002)...............................................................18

*Reade v. Allied Trades Council*,
04 Civ. 3542, 2005 U.S. Dist. LEXIS 29690 (S.D.N.Y. Oct. 7, 2005)....................................5

*Robinson v. Overseas Military Sales Corp.*,
  21 F.3d 502 (2d Cir. 1994) ................................................................................5

*Rodriguez v. Haynes*, 341 F. Supp.
  2d 416 (S.D.N.Y. 2004) ....................................................................................4

*Rush v. Oppenheimer & Co.*, 681 F. Supp.
  1045 (S.D.N.Y. 1988) .......................................................................................9

*S. Cherry St. LLC v. Hennessee Group LLC*,
  06-C 2007 U.S. Dist. LEXIS 59145 (S.D.N.Y. July 31, 2007) ......................14

*SEC v. Zanford*,
  535 U.S. 813 (2002) .....................................................................................9, 19

*SSH Company, Ltd. v. Shearson Lehman Bros. Inc.,,*
  678 F. Supp. 1055 (S.D.N.Y. 1987) ...............................................................14

*In re Salomon Analyst AT&T Litig.*,
  350 F. Supp. 2d 455 (S.D.N.Y. 2004) ............................................................19

*Semerenko v. Cendant Corp.*,
  223 F.3d 165 (3d Cir. 2000) ...........................................................................20

*Shahzad v. H.J. Meyers & Co.*,
  95 Civ. 6196, 1997 U.S. Dist. LEXIS 1128 (S.D.N.Y. Feb. 6, 1997)...............13

*Sirohi v. Trustees of Columbia University*,
  No. 97-7912, 1998 U.S. App. LEXIS 22519 (April 16, 1998) .........................6

*Sterling Nat. Bank & Trust Co. v. Federated Department Stores, Inc.*,
  612 F. Supp. 144 (S.D.N.Y. 1985) .................................................................10

*Stern v. Leucadia Nat'l Corp.*,
  844 F.2d 997 (2d Cir. 1988), *cert. denied*, 488 U.S. 852 (1988) ...................10

*Stevelman v. Alias Research Inc.*,
  174 F.3d 79 (2d Cir. 1999) ..............................................................................17

*Thayer v. Dial Indus. Sales, Inc.*,
  189 F. Supp. 2d 81 (S.D.N.Y. 2002) ..............................................................10

*Transamerica Mortgage Advisors , Inc. v. Lewis*,
  444 U.S. 11, 100 S. Ct. 242, 62 L. Ed. 2d, 146 (1979) ..................................13

*Tully v. Mott Supermarkets*,
   540 F.2d 187 (3d Cir. 1976) ........................................................................20

*WorldCrisa Corp. v. Armstrong*,
   129 F.3d 71 (2d Cir. 1997) ..........................................................................22

*York v. Association of Bar of City of New York*,
   286 F.3d 122 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002) ................................4, 5

## STATE CASES

*Baker v. Allen & Arnink Auto Renting Co.*,
   231 N.Y. 8 (N.Y. 1921) ..............................................................................15

*Fekety v. Gruntal & Co.*,
   191 A.D.2d 370 (1st Dep't 1993) ....................................................................9

*Island Associated Coop., Inc. v. Harmann*,
   118 A.D.2d 830 (2d Dep't 1986) ..................................................................15

*Judith M. v. Sisters of Charity Hosp.*,
   93 N.Y.2d 932 (N.Y. 1999) ........................................................................15

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
   85 N.Y.2d 20 (N.Y 1995) ..........................................................................12

*Rivello v. Waldron*, 47 N.Y.2d 297 (N.Y. 1979) ..................................................15

*Stutman v. Chemical Bank*, 95 N.Y.2d 24 (N.Y. 2000) ........................................12

*Sud v. Sud*, 211 A.D.2d 423 (1st Dep't 1995) ....................................................6

## FEDERAL STATUTES

9 U.S.C. §§ 1 et seq ....................................................................................22

9 U.S.C. § 3 ..............................................................................................22

15 U.S.C. §78(a)(10) ................................................................................13, 16

15 U.S.C. 78j(b) ........................................................................................19

15 U.S.C. § 78u-4(b)(2) ..............................................................................17

15 U.S.C.S. §§ 78a et seq.] ..........................................................................21

15 U.S.C.S. § 78u-4(b)(4) ..................................................................................................21

17 C.F.R. 240.10b-5 .........................................................................................................19

Fed. R. Civ. P. 9(b)...........................................................................................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT CHARNEY, DIVA COODFRIEND-
KOVEN, ROBERT REACH, TONI ALLEN,
SCOTT EDVABSKY, ANTHONY AND
BARBARA COSARO, GARY ZACCARO, BRUCE
LICHTENSTEIN, ROBERT ANARUMO, KAREN
FUSCO, BONNIE AND WAYNE
VARTABEDIAN, GEORGE YU, CONNIE
SIMONS, LAURA FLAX, JAY COON, NEIL
BLITZ, MARNI BLITZ, JOSEPH LEVINE, NINA
CHAIFETZ, ED HARAN, ANNE HARAN,
KATHY PASHUCK, BRUCE FULLER, TRACEY
PECK, JEFF PECK, ELIZABETH TYMCZYSZYN,
and GATA REALTY, LLC

                                    Plaintiff,

                - against -

CARLA ZIMBALIST, PAM CHANLA, JENNIFER
S. WILKOV, EVOLUTIONARY STRATEGIC
PLANNING, INC., and AMERIPRISE
FINANCIAL, INC.,

                                    Defendants.

07 Civ. 6272 (AKH)

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO
DISMISS**

Defendant Ameriprise Financial Inc. ("Ameriprise") by and through its attorneys Nixon

Peabody LLP submits this memorandum of law in support of its Motion to Dismiss the

Complaint of Plaintiffs in the above-captioned action.

## PRELIMINARY STATEMENT

The Court should dismiss all claims alleged in the Complaint against Ameriprise because

Plaintiffs' pleadings are factually and legally insufficient.  While the Complaint might paint a

compelling picture of fraud by Zimbalist, Chanla and Wilkov, it fails to allege any connection

whatsoever between the fraudulent acts and Ameriprise.

Plaintiffs stretch their arguments beyond logical limits in an attempt to implicate Ameriprise in the "scheme." They claim breach of contract, without pleading anything more than vague and conclusory allegations to support the existence of any agreement (oral or written) between Ameriprise and the Plaintiffs. Similarly, they claim unjust enrichment without making a single reference to any benefit Ameriprise gained from the alleged fraud. Their fraud claims not only lack the statutorily required specificity, they also fail to allege the most basic elements of the claim – that is, any omission, misrepresentation, or false statement on the part of Amerprise.

Plaintiffs also make several arguments that simply are bereft of legal merit. Unconcerned with precedent, Plaintiffs claim that Ameriprise is liable for the actions of its employee who clearly departed from her duties to pursue her own interests. They also claim breach of fiduciary duty when the law clearly states no such duty exists between a broker and a purchaser of securities. It comes as no surprise, therefore, that Plaintiffs claim violations of New York General Business Law despite the fact that Section 349 specifically does *not* apply to securities transactions. With unwavering audacity, Plaintiffs even claim a violation of Section 206 of the Investment Advisers Act of 1940 despite the clear absence of any private right of action.

This combination of insufficient pleading and legal impossibility requires dismissal of the claims against Ameriprise.

## FACTS

The Complaint generally alleges a fraudulent real estate scheme conducted by Defendants Zimbalist, Chanla and Wilkov. Complaint ¶¶ 2-15. In short, the complaint alleges that Plaintiffs invested in what they believed to be California real estate development projects which turned out to be nothing more than scams. Complaint ¶¶ 2, 14, 135, 151, 171, 266, 303, 340, 360, 372. It clearly alleges that Plaintiffs were solicited by Wilkov to invest directly in

specific real estate properties, and that only Wilkov received compensation in connection with the transactions. Complaint ¶¶ 9, 12, 13, 15. Notably, the Complaint does not allege that Defendant Ameriprise or its predecessor-in-interest, American Express Financial Services ("AEFS") was aware of the real estate deals, endorsed them or received any compensation in connection with Plaintiffs' real estate investments.

With respect to Ameriprise, the 454 paragraph Complaint virtually is silent except to allege that AEFS employed Wilkov as a financial advisor during a portion of the time she was involved in the scheme. Complaint ¶ 8. The Complaint alleges that AEFS employed Wilkov to render investment advice and misrepresented itself as a competent and impartial investment advisor which would exercise due diligence in the performance of its obligations. Complaint ¶ 404. It does not allege – because it can not – that AEFS was directly involved in or even aware of any of Wilkov's alleged misrepresentations and omissions. Nevertheless, the complaint alleges that AEFS turned a blind eye to Wilkov's repeated failure to make full disclosures to plaintiffs. Complaint ¶ 412.

Finally, the Complaint alleges that Wilkov was acting within the scope of her employment with AEFS because it was reasonably foreseeable that Wilkov would sell products other than those specifically endorsed by AEFS (such as real estate investments), and Wilkov made unspecified representations during meetings with unidentified clients within AEFS' offices. Complaint ¶¶ 418-425. Although the Complaint fails to identify these clients and the representations, it does admit that Plaintiffs Charney, Goodfriend-Koven, Tymczyszyn, Fusco, Wayne and Bonnie Vartabedian, Yu, Simons, Neil and Marni Blitz, Levine, Chaifetz, Ed and Ann Haran, Pashuck, Fuller, and Jeff and Tracey Peck were clients of AEFS. Complaint ¶¶ 20, 23, 33, 47, 52, 56, 59, 67, 69, 73, 76, 79, 83.

Based upon these allegations, Plaintiffs seek to pursue claims for breach of contract, unjust enrichment, breach of fiduciary duty, violations of New York General Business Law §349, violation of Section 206 of the Investment Advisor Act of 1940, respondeat superior and violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  Defendant Ameriprise now moves this Court to dismiss these claims and stay this action with respect to certain plaintiffs.

## THE STANDARD ON A 12(B)(1) AND 12(B)(6) MOTION TO DISMISS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A party is authorized under Rule 12(b)(1) to move for a stay pending arbitration if the issues presented by the action are referable to arbitration as a matter of law.  *See, e.g., Equal Employment Opportunity Commission v. Hooters of America, Inc.*, 06-cv-6138, 2007 U.S. Dist. LEXIS 2150 at *6 (W.D.N.Y. Jan. 9, 2007).  On a motion to dismiss pursuant to Rule 12(b)(1), the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *See, e.g., Rodriguez v. Haynes*, 341 F. Supp. 2d 416, 420 (S.D.N.Y. 2004).  If, however, there is evidence that is relevant to the issue of subject matter jurisdiction before the court, the court can refer to the evidence outside of the pleadings.  *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).  The consideration of extrinsic materials does not convert the 12(b)(1) motion to one for summary judgment.  *See id.*

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that, if assumed to be true, would confer a judicially cognizable right of action.  *See, e.g., York v. Association of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002).  On a motion to dismiss

pursuant to Rule 12(b)(6), a court should accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *See, e.g., Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 117 (2d Cir.), *cert. denied*, 540 U.S. 1012 (2003); *York,* 286 F.3d at 125. General and conclusory allegations, however, need not be credited when they are belied by more specific allegations of the complaint. *See, e.g., Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1092 (2d Cir. 1995); *Reade v. Allied Trades Council*, 04 Civ. 3542, 2005 U.S. Dist. LEXIS 29690, at *8 (S.D.N.Y. Oct. 7, 2005). In addition, a court should not draw "argumentative inferences" in favor of the non-moving party. *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994); *Ehrenfeld v. Mahfouz*, 04 Civ. 9641, 2006 U.S. Dist. LEXIS 23423, at *10 (S.D.N.Y. Apr. 26, 2006) (In resolving a motion to dismiss, a court will not "accept legally conclusory assertions or draw 'argumentative inferences.'").

## ARGUMENT

I.    THE FIRST CAUSE OF ACTION AGAINST AMERIPRISE MUST BE DISMISSED BECAUSE PLAINTIFFS' CONCLUSORY ALLEGATIONS DO NOT MEET THE PLEADING STANDARDS FOR CLAIMS OF BREACH OF CONTRACT OR UNJUST ENRICHMENT

A.    The Claims for Breach of Contract Must Be Dismissed Because the Pleadings Fail to Allege that a Contract Existed Between Any Plaintiff and Ameriprise with Respect to the Real Estate Investments

Plaintiffs fail to state a claim for breach of contract because the Complaint does not allege any agreements between Ameriprise (or AEFS) and Plaintiffs relating to the real estate investments. A claim for breach of contract under New York law must allege (1) the existence of an agreement, (2) sufficient performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages. *See Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *Advanced Marketing Group, Inc. v. Business Payment Systems, LLC*, 481 F. Supp. 2d 319, 323 (S.D.N.Y. 2007). A claim for breach of contract is too vague and indefinite "where the plaintiff

fails to allege, in nonconclusory fashion, 'the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated.'" *Highlands Insurance Co. v. PRG Brokerage, Inc.*, 01 Civ. 2272, 2004 U.S. Dist. LEXIS 83 at *25 (S.D.N.Y. Jan. 6, 2004) (quoting *Sud v. Sud*, 211 A.D.2d 423, 424 (First Dep't 1995). Where a party cannot even plead that a contract existed, the claim must be dismissed. *See Sirohi v. Trustees of Columbia University*, No. 97-7912, 1998 U.S. App. LEXIS 22519 at *5 (April 16, 1998) (affirming a motion to dismiss a claim for breach of an oral contract because the plaintiff was unable to allege that a valid oral contract existed); *Am. Nat'l Theatre & Academy v. Am. Nat'l Theatre Inc.*, 05 cv. 4535, 2006 U.S. Dist. LEXIS 69420 at * 10 -11 (S.D.N.Y. Sept. 27, 2006) (dismissing plaintiff's breach of contract claim because "[plaintiff] has not alleged the elements necessary to state a claim for breach of contract . . . [it] failed to allege the most basic elements of a contract.  While it has alleged that a contract existed . . . the Court is not required to accept the plaintiff's conclusory allegations or legal conclusions on a motion to dismiss."); *Howell v. American Airlines, Inc.*, 05 cv.3628, 2006 U.S. Dist. LEXIS 89229 at *10 (E.D.N.Y. Dec. 10, 2006) (granting a motion to dismiss a breach of contract claim because "[p]laintiff's Verified Complaint does not even identify the agreement at issue, much less indicate which terms in that agreement were allegedly breached.).

Plaintiffs do not allege specific agreements with AEFS.  Rather, Plaintiffs conclusorily allege in paragraphs 384 and 385 of the complaint that "defendants, and each of them, their agents, servants, and/or employees" entered into oral and/or written agreements with them.  Not only is this allegation conclusory, but it is also impermissibly vague with respect to the defendants which are party to the alleged agreement.  The use of "and/or" should be read in the disjunctive to conclude that AEFS did not have contractual obligations pertaining to the real

estate investments. Such an interpretation especially is warranted given the fact that in 454 paragraphs the Complaint fails to identify any specific agreements with AEFS or allege any particular provision of the purported contracts that was breached. Plaintiffs' failure is not surprising because no such agreements between them and AEFS. In the absence of an agreement, Plaintiffs cannot plead the elements of a claim for breach of contract. Consequently, the first cause of action is fatally deficient and must be dismissed with prejudice.

> B. The Claim for Unjust Enrichment Must Be Dismissed Because the Pleadings Fail to Allege that Ameriprise Profited from the Plaintiffs' Investments in the Real Estate Transactions

Plaintiffs' claim for unjust enrichment fails to state a claim because the Complaint does not allege that AEFS wrongfully received and retained a benefit at their expense. To state a claim for unjust enrichment in New York, Plaintiffs must allege that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 306 (2d Cir. 2004), *cert. denied* 544 U.S. 949, 125 S. Ct. 1704 (2005). "The "essence" of such a claim 'is that one party has received money or a benefit at the expense of another.'" *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (citations omitted) (reversing a verdict of unjust enrichment against a wife whose husband was unjustly enriched by a loan because the wife did not receive any actual portion of the loan). Unjust enrichment is a quasi-contract claim. *See Carruthers v. Flaum*, 388 F. Supp. 2d 360, 370 (S.D.N.Y. 2005) (dismissing a claim of unjust enrichment because payments made by plaintiff were not made for the benefit of the defendant). For an unjust enrichment claim to stand, the plaintiff must show that his performance under the quasi-contract was made for the defendant, resulting in the unjust enrichment. *See id.* Where the pleadings do not even allege that the defendant received money from the plaintiff, either directly or indirectly, the claim for unjust

enrichment is not sufficiently pled and must be dismissed. *See Compudyne Corp. v. Shane*, 453 F. Supp. 2d 807, 833 (S.D.N.Y. 2006) (granting a motion to dismiss a claim for unjust enrichment because the pleadings did not allege that the defendants received any proceeds from any stock transactions in which the plaintiffs participated).

In *Compudyne Corp.*, the plaintiffs alleged that the defendants were unjustly enriched in connection with proceeds they receiving from a PIPE offering. *See generally, id.* The plaintiffs generally alleged that "as a result of Defendants' actions, the market price of CompuDyne stock increased in volatility and/or was artificially depressed during the period when the PIPE was being priced, causing Plaintiffs to sell the shares offered at an artificially depressed price." *Id.* at 816. The court found that the unjust enrichment claim failed, however, because the plaintiffs did not allege that the defendants received any profit, directly or indirectly, from any stock transaction the plaintiffs participated in. *See id.* at 833. Therefore, the defendants "could not have been enriched by these trades at Plaintiffs' expense." *Id.*

Like the plaintiffs in *Compudyne Corp.*, the Plaintiffs in the instant case have failed to allege that AEFS received any monies from them in connection with the real estate transaction. They simply make a conclusory allegation that Ameriprise was somehow unjustly enriched by the transactions. They allege that Wilkov received commissions from Zimbalist and Chanla, but do <u>not</u> – because they cannot – allege that AEFS received any benefit from the transactions, in the form of fees, commissions, or proceeds. Because Plaintiffs failed to allege the most basic element of an unjust enrichment claim – that the defendants received a benefit from the plaintiff – the first cause of action must be dismissed.

II.    THE THIRD CAUSE OF ACTION AGAINST AMERIPRISE
       MUST BE DISMISSED BECAUSE AMERIPRISE DOES NOT
       HAVE A FIDUCIARY DUTY TOWARDS THE PLAINTIFFS

Plaintiffs' third cause of action fails to state a claim because it is well settled under New York law that "'a broker does not, in the ordinary course of business, owe a fiduciary duty to a purchaser of securities.'" *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities Inc.*, 964 F. Supp. 147, 152 (S.D.N.Y. 1997) (quoting *Fekety v. Gruntal & Co.*, 191 A.D.2d 370, 371 (1st Dep't 1993)). The "'mere existence of a broker-customer relationship is not proof of its fiduciary character.'" *Bissell v. Merrill Lynch & Co.*, 937 F. Supp. 237, 246 (S.D.N.Y. 1996) (quoting *Rush v. Oppenheimer & Co.*, 681 F. Supp. 1045, 1055 (S.D.N.Y. 1988). In New York, a fiduciary relationship is limited to situations where a broker is authorized with discretion to trade in a customer's account. *See id.* A fiduciary relationship arises in the context of a discretionary account where the broker is controlling the investment decisions. The United States Supreme Court described a discretionary account as one that enables individuals to "delegate authority to a broker who will make decisions in their best interest without prior approval." *SEC v. Zanford*, 535 U.S. 813, 823 (2002). In the absence of discretionary trading authority, where the relationship is merely that of broker and customer, a claim for breach of fiduciary duty should be dismissed. *Bissell*, 937 F. Supp. at 246 (dismissing a claim for breach of fiduciary duty because the plaintiff failed to allege the broker had discretionary trading authority).

The allegations of the Complaint in this case are insufficient to state a claim for breach of fiduciary duty. It does not allege that AEFS (or even Wilkov) exercised discretionary authority over Plaintiffs' investment decisions. To the contrary, the Complaint is clear that each individual plaintiff made an investment decision relating to the real estate investment. As a consequence, pursuant to New York law, AEFS did not owe a fiduciary duty to Plaintiffs. Accordingly,

Plaintiffs' third cause of action fails to state a claim for breach of fiduciary duty and must be dismissed.

III.    PLAINTIFFS' FOURTH CAUSE OF ACTION AGAINST AMERIPRISE MUST BE DISMISSED BECAUSE THEY FAIL TO PLEAD FRAUD WITH PARTICULARITY SUFFICIENT TO MEET THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 9(B) THERE IS NO CAUSE OF ACTION FOR SECURITIES RELATED CLAIMS UNDER § 346 OF THE NEW YORK GENERAL BUSINESS LAW

A.    Plaintiffs' Fail to Plead Common-Law Fraud with the Requisite Particularity to Survive a Motion to Dismiss

Plaintiffs' claim for common-law fraud against Ameriprise must be dismissed because the Complaint fails to adequately plead the elements of fraud with the particularity required by Federal Rule of Civil Procedure 9(b). In New York, to maintain a claim for common law fraud, "a plaintiff must demonstrate by clear and convincing evidence that the defendant: '(1) made an omission, misrepresentation, or false statement of material fact; (2) with knowledge of its falsity; (3) with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused damage to the plaintiff due to the plaintiff's reliance thereon.'" *Thayer v. Dial Indus. Sales, Inc.*, 189 F. Supp. 2d 81, 91 (S.D.N.Y. 2002) (quoting *Lomaglio Assocs. Inc. v. LBK Mktg. Corp.*, 892 F. Supp. 89, 94 (S.D.N.Y. 1995)). An action initiated in this Court for common-law fraud must also meet the pleading requirements of Rule 9(b) to: (1) provide the defendant with notice of plaintiff's claim, so that it may prepare a defense; (2) protect the defendant from harm to its reputation or goodwill; and (3) reduce the number of strike suits. *See Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1003 (2d Cir. 1988), *cert. denied*, 488 U.S. 852 (1988). Rule 9(b) provides, in pertinent part, that "[i]n all averments of fraud . . . . the circumstances constituting the fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). Specifically, "plaintiff must plead the time, place and content of an alleged false representation." *Sterling Nat. Bank & Trust Co. v. Federated Department Stores, Inc.*, 612 F. Supp 144, 147 (S.D.N.Y. 1985). Where

there are only conclusory allegations of scienter, the claim must provide some kind of factual

foundation. *See Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir. 1987) ("'It is

reasonable to require that the plaintiffs specifically plead those events' which 'give rise to a

strong inference' that the defendants had an intent to defraud, knowledge of the falsity, or a

reckless disregard for the truth.'") (quoting *Ross v. A. H. Robins Co.*, 607 F.2d 545, 558 (2d Cir.

1979). "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent

statements to 'defendants.'" *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993);

*see also, DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 -1248 (2d Cir. 1987)

("derelictions are pleaded against the defendants generally, with little or no specification as to

individual roles . . .we hold that the complaint was properly dismissed.").

  As an initial matter, the Complaint is deficient because it fails to allege the elements of

common-law fraud.  Plaintiffs fail to allege any knowing misstatements or omissions of material

fact made by AEFS relating to the real estate investments. Similarly, the Complaint does not

allege which, if any, false representations or omissions by AEFS they relied upon or what losses

resulted from each.  In contrast, throughout the Complaint Plaintiffs specifically link dozens of

allegedly fraudulent misstatements or omissions directly to Wilkov, Chanla, and Zimbalist.  It is

clear that Plaintiffs do not allege fraud with particularity against Ameriprise because they cannot.

Because of this lack of detail, Plaintiffs fail to allege the elements of a common law fraud claim.

  In addition, the Complaint fails to meet the pleading requirements of Federal Rule of

Civil Procedure 9(b).  In *DiVittorio*, the court found the fraud claims were properly dismissed

because the plaintiffs did not specify any allegedly fraudulent action to any particular defendant.

*DiVittorio*, 822 F.2d at 1245 ("as is often the case throughout the amended complaint, plaintiff

fails to assign specific roles to any of the defendant groups or individual defendants.").  In the

instant case, Plaintiffs do not specify any of the allegedly fraudulent acts to AEFS. Instead, they allege without distinction that Ameriprise, Wilkov and ESP engaged in "deceptive conduct" by omitting "conflicts of interest." (Complaint ¶¶ 405 – 406). In short, the Complaint does nothing more than present conclusory allegations against Ameriprise without stating sufficient facts to put it on notice of the basis for the fraud claim. Such vague and conclusory allegations do not adequately plead common-law fraud or satisfy the pleading requirements of Rule 9(b). Accordingly, the fourth cause of action should be dismissed as against Ameriprise because it fails to plead fraud with the requisite particularity.

> B.    Plaintiffs Cannot Maintain an Action Under § 349 of the
>        New York General Business Law for Securities Related Claims

Plaintiffs' fourth cause of action also fails to state a claim pursuant to New York General Business Law §348 because a plaintiff cannot bring a cause of action for deceptive trade acts and practices arising from securities related claims. *See e.g., In re Evergreen Mutual Funds Fee Litigation*, 423 F. Supp. 2d 249, 265 (S.D.N.Y. 2006). Section 349 of the New York General Business Law provides, in relevant part, " [d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishings of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. L. § 349(a). To state a claim under § 349, the plaintiff must allege "as a threshold matter. . . conduct of the defendant that is consumer-oriented." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (N.Y 1995). The plaintiff must also prove that the defendant's conduct was misleading in a material way, and that the plaintiff was injured as a result of the deceptive act. *See, id.*; *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (N.Y. 2000). It is not enough to establish that the defendant's conduct was consumer-oriented, the plaintiff must also allege that "the acts or practices have a broader impact on consumers at large" in New York. *Oswego Laborers' Local 214 Pension*

*Fund*, 85 N.Y.2d at 27.   Courts have consistently found that securities-related transactions are

not "consumer oriented."   *See e.g., In re Evergreen Mutual Funds Fee Litigation*, 423 F. Supp.

2d at 264; *Shahzad v. H.J. Meyers & Co.*, 95 Civ. 6196, 1997 U.S. Dist. LEXIS 1128, *37,

(S.D.N.Y. Feb. 6, 1997);   *Morris v. Gilbert*, 649 F. Supp. 1491, 1496 (E.D.N.Y. 1986).   The

courts have held that investors and purchasers of securities are distinguishable from purchasers

of ordinary consumer goods for the following reason:

> people do not generally buy securities in the same way that they buy an
> automobile, a television set, or the myriad consumer goods found in
> supermarkets.   For one thing, securities are purchased as investments, not as
> goods to be "consumed" or "used."   Additionally, the securities markets are
> subject to pervasive federal regulation, and it is questionable that New York's
> legislature intended to give securities investors an added measure of
> protection beyond that provided by the securities acts and, indeed, by RICO.

*Morris*, 649 F. Supp. at 1496.

In this case, Plaintiffs' claim pursuant to § 349 of the New York General Business Law

must be dismissed because they fail to allege that the real estate investments were "consumer

oriented."   Rather, the Complaint explicitly alleges that "[t]he interests in the properties in

California constitute "securities" within the meaning of 15 USC §78(a)(10)."   (Complaint ¶ 429).

Like in *Evergreen*, Section 349 does not apply to Plaintiffs' claims because they allegedly arise

from securities-related transactions and securities investors are not categorized as ordinary

consumers of goods as contemplated by the statute.   Since Plaintiffs failed to allege the most

elementary factor of a § 349 claim, the fourth cause of action must be dismissed.

### IV.    PLAINTIFFS' FIFTH CAUSE OF ACTION AGAINST AMERIPRISE MUST BE DISMISSED BECAUSE THERE IS NO PRIVATE CAUSE OF ACTION UNDER SECTION 206 OF THE INVESTMENT ADVISERS ACT OF 1940

Plaintiffs' fifth cause of action fails to state a claim because it has long been established

that there is no private right of action under Section 206 of the Investment Advisers Act of 1940

("40 Act").   *See, Transamerica Mortgage Advisors , Inc. v. Lewis*, 444 U.S. 11, 23, 100 S.Ct.

242, 249, 62 L.Ed. 2d, 146, 157 (1979) ("the mere fact that [§206] was designed to protect advisers' clients does not require the implication of a private cause of action for damages on their behalf."); *S. Cherry St. LLC v. Hennessee Group LLC*, 06-CV-2943 , 2007 U.S. Dist. LEXIS 59145, at *44 (S.D.N.Y. July 31, 2007); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 272 F. Supp. 2d 243, 256 (S.D.N.Y. 2003). Where a claim for relief pursuant to the 40 Act is based on § 206, the claim must be dismissed. *See SSH Company, Ltd. v. Shearson Lehman Bros. Inc.*, 678 F. Supp. 1055, 1057 (S.D.N.Y. 1987) (granting a motion to dismiss a claim under § 206 of the 40 Act on the basis that no private right of action exists under that statute); *Goldstein v. Fries & Associates, Inc.*, 72 F. Supp. 2d 620, 625 (E. D. Va. 1999) ("Defendants' alleged violation of § 206, on its own, simply does not create any civil liabilities, therefore, Plaintiffs fail to state a claim for which relief can be granted."); *Levine v. Futransky*, 636 F. Supp. 899, 901 (N. D. Ill. 1986) ("Since § 206 does not confer a private right of action, plaintiffs' . . . claim must be dismissed").

In this case, the Plaintiffs' claim against Ameriprise for a violation of the 40 Act must be dismissed because no private right of action exists pursuant to § 206 of the 40 Act. Like the plaintiffs in the *SSH Company, Ltd*, *Goldstein*, and *Levine* cases, the Plaintiffs in this case based their 40 Act claim only on a violation of § 206. (Complaint ¶¶ 412). Following 30 years of precedent set by the United States Supreme Court in *Transamerica Mortgage Advisors*, the courts in those cases dismissed the claims because the plaintiffs had no private right of action pursuant to Section 206. For the same reason, Plaintiffs' Section 206 claim against Ameriprise fails and must be dismissed in its entirety.

V.    PLAINTIFF'S SEVENTH CAUSE OF ACTION AGAINST AMERIPRISE
MUST BE DISMISSED BECAUSE WILKOV WAS NOT ACTING WITHIN
THE SCOPE OF HER EMPLOYMENT WHEN SHE ALLEGEDLY
SOLICITED INVESTMENTS IN THE REAL ESTATE TRANSACTIONS

Plaintiffs' seventh cause of action fails to state a claim because the complaint does not

credibly allege that the sale of interests in specific real estate properties was within the scope of

Wilkov's employment. In New York, an employer is vicariously liable for a tort committed by

its employee while the employee was acting within the scope of his employment under the

doctrine of *respondeat superior*. *See Crigger v. Fahnestock and Co., Inc.*, 01 civ. 0781, 2003

U.S.Dist. LEXIS 16438, *36 (S.D.N.Y. Sept. 18, 2003); *Rivello v. Waldron*, 47 N.Y.2d 297, 302

(N.Y. 1979). Where, however, an "employee 'for purposes of his own departs from the line of

his duty so that for the time being his acts constitute an abandonment of his service, the master is

not liable.'" *Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 932, 935 (N.Y. 1999) (quoting

*Baker v. Allen & Arnink Auto Renting Co.*, 231 N.Y. 8, 13 (N.Y. 1921)). Moreover, an

employee's torts committed "for personal motives unrelated to the furtherance of the employer's

business" cannot be found within the scope of his employment. *Island Associated Coop., Inc. v.

Harmann*, 118 A.D.2d 830, 831 (2d Dep't 1986) (holding that the employer was not liable for its

employee's act of conversion committed against the employer's customer because the

employee's act was not within the scope of his employment). It is the plaintiff's burden to

allege in its complaint facts sufficient to infer that the employee was acting within the scope of

his employment and not on a "frolic." *Energy Factors Inc. v. Nuevo Energy Co.*, 91 civ. 4273,

1992 U.S. Dist. LEXIS 10208, *19 (S.D.N.Y. July 7, 1992).

In this case, Plaintiffs fail to meet their burden. The Complaint fails to allege facts

sufficient to infer that soliciting people to invest in real property was within the scope of

Wilkov's employment. To the contrary, Plaintiffs allege that "[Ameriprise] is a financial

advising corporation." (Complaint, ¶ 97). Moreover, throughout the Complaint Plaintiffs allege that Wilkov contacted the Plaintiffs and solicited them for the purpose of making real estate investments with Zimbalist and Chanla, not AEFS. Complaint ¶ 3. Plaintiffs admit that they sent money to Zimbalist and Chanla, not AEFS. Complaint ¶ 13. The complaint does not allege that Wilkov claimed that she was acting on behalf of AEFS or that they believed it to be true. Perhaps most importantly, Plaintiffs do not allege any facts by which this Court could even infer that the purchase, remodeling/rehabilitating and selling of individual real estate properties was a product AEFS recommended. Rather, the Complaint's allegations indicate that Wilkov's actions were a clear "frolic" pursuant to which she received compensation that was unrelated to AEFS. Such a compensation agreement is proof positive that the sale of these California real estate investments was not within the scope of her employment. Indeed, Plaintiffs admit as much when they attempt to deal with this weakness by alleging they allege that it was reasonably foreseeable that Wilkov would sell products other than those specifically endorsed by her employer. Therefore, Plaintiffs seventh cause of action fails to state a claim for *respondeat superior* and must be dismissed.

VI.    PLAINTIFFS' EIGHTH AND NINTH CAUSES OF ACTION MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10B-5 THEREUNDER AND FOR FAILURE TO MEET THE PLEADING REQUIREMENTS OF THE PRIVATE SECURITIES LITIGATION ACT[1]

To state a claim for relief under Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder, the plaintiff must plead that the defendant "'(1) made misstatements

---

[1]    Plaintiffs' eighth cause of action alleges what appears to be a claim of fraud and references 15 U.S.C. § 78(a)(10). Plaintiff's ninth cause of action alleges fraud and references Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. For the purposes of this motion, Ameriprise considers both claims of fraud pursuant to Section 10(b) of the Securities Exchange Act of 1934 and moves to dismiss both claims on that basis.

or omissions of material fact; (2) with scienter; (3) in connection with the purchase or sale of securities; (4) upon which plaintiffs relied; and (5) that plaintiffs' reliance was the proximate cause of their injury.'" *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 172 (2d Cir. 2005) (quoting *In re IBM Securities Litigation*, 163 F.3d 102, 106 (2d Cir. 1998)). These claims are subject to heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA") requirements which require that scienter must be pled "'with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *In re Parmalat Sec. Litig.,* 383 F. Supp. 2d 616, 621 (S.D.N.Y. 2005) (quoting 15 U.S.C. § 78u-4(b)(2)). To comply with both the Federal Rules of Civil Procedure Rule 9(b) and the PSLRA a complaint for securities fraud must: "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.' Failure to plead with the requisite particularity is a ground for dismissal." *In re Marsh & McLennan Cos. Sec. Litig.*, 04 Civ. 8144, 2006 U.S. Dist. LEXIS 49525, *26 (S.D.N.Y. July 19, 2007) (quoting *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 84 (2d Cir. 1999)).

>    A.    Plaintiffs failed to allege statements or
>          omissions of material facts made by Ameriprise

Plaintiff fail to state a securities fraud claim against Ameriprise because they do not – and cannot – allege a specific misstatement or omission of material fact made by AEFS. A complaint for securities fraud must specify the statements or omissions of material fact alleged to have been made by the defendant. *See Fagan v. First Sec. Invs., Inc.*, No. 04 Civ. 1021, 2006 U.S. Dist. LEXIS 66065, *21-22 (S.D.N.Y. Sept. 15, 2006) (dismissing a claim brought under Section 10(b) of the Securities Exchange Act of 1934 because the complaint "fails, for the most part, to specify the statements allegedly made by First Security and/or McGrath as its agent, and

how such alleged statements were false."). Moreover, the complaint must attribute the alleged misstatements or omissions of material fact to the defendant to meet the pleading standards set forth by the Federal Rules of Civil Procedure Rule 9(b) or the PSLRA. *See e.g., Price v. Sterling Foster & Co.*, 222 F. Supp. 2d 289, 306 (E.D.N.Y. 2002) (dismissing a Section 10(b) claim against defendants because the plaintiffs did not "specify the particular statements he claims are fraudulent; [did] not identify who made them; and fail[ed] to allege where and when they were made" and holding that "[s]uch conclusory allegations are insufficient to meet the pleading requirements of Rule 9(b) or the PSLRA.").

In this case, Plaintiffs do not specifically identify any misstatements or omissions which may be the basis of their fraud claim against Ameriprise. More importantly, they never attribute ANY misstatements or omissions directly to AEFS. While Plaintiffs do specifically allege misstatements and omissions of material facts made by Wilkov, Chanla, and Zimbalist, such statements or omissions cannot be attributed to Ameriprise to state a claim because there is no private cause of action for aiding and abetting a securities fraud violation pursuant to Section 10(b). *See generally, Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994). Because Plaintiffs fail to allege a misrepresentation or omission by AEFS, the eighth and ninth claim fail to state a claim and must be dismissed.

B.    Plaintiffs fail to plead the element of scienter
necessary to maintain a securities fraud claim

Plaintiffs' Section 10(b) and Rule 10b-5 claims against Ameriprise are also deficient because they do not adequately plead scienter. To establish a violation of Section 10(b) and Rule 10b-5, Plaintiffs must allege that AEFS acted with scienter. *Aaron v. SEC*, 446 U.S. 680, 701-2, 100 S. Ct. 1945, 1958. Scienter is "an intent to deceive, manipulate or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193, 96 S. Ct. 1375, 1381, 47 L. Ed. 2d 668, 677 (1976) (defining

scienter as "a mental state embracing intent to deceive, manipulate, or defraud."). The pleadings must allege "specific facts that give rise to a strong inference of fraudulent intent." *In re Salomon Analyst AT&T Litig.,* 350 F. Supp. 2d 455, 466 (S.D.N.Y. 2004) (citations omitted). "'The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" *Acito v. IMCERA Group*, 47 F.3d 47, 52 (2d Cir. 1995) (citations omitted).

Plaintiffs in the instant Complaint have not pled any facts that show the requisite "strong inference of fraudulent intent." Plaintiffs have not provided any facts in the Complaint to suggest that AEFS had the motive to commit fraud or any facts that establish any evidence of conscious misbehavior or recklessness. Rather, Plaintiffs' allegations suggest the opposite inference. Plaintiffs allege that Wilkov, Zimbalist, and Chanla profited from the purportedly fraudulent scheme, not AEFS. Similarly, Plaintiffs do not allege that AEFS was aware of the real estate investment scheme, and therefore the pleadings are devoid of any facts to establish that AEFS acted knowingly or recklessly with respect to the real estate investments. Because Plaintiffs do not allege sufficient facts to establish scienter their Section 10(b) and 10b-5 claims must be dismissed as against Ameriprise.

    C.    Plaintiffs' 10(b) and 10b-5 claims fail because they do not
            <u>allege fraud in connection with the purchase or sale of a security</u>

Section 10(b) of the Securities Exchange Act and Rule 10-b thereunder forbid the use of any fraudulent scheme or device "in connection with" the purchase or sale of any security. 15 U.S.C. 78j(b); 17 C.F.R. 240.10b-5. The Supreme Court of the United States has ruled that Section 10(b) "must not be construed so broadly as to convert every common-law fraud that happens to involve securities into a violation of the federal securities laws. *SEC v. Zandford*,

535 U.S. 813, 820; 122 S.Ct. 1889, 1903 (2002). The "in connection with" language requires a

causal connection between the claimed fraud and the purchase of sale of a security. *Semerenko*

*v. Cendant Corp.*, 223 F.3d 165, 175 (3d Cir. 2000); *Tully v. Mott Supermarkets*, 540 F.2d 187,

194 (3d Cir. 1976) (the "in connection" language "contemplates a causal connection between the

alleged fraud and the purchase or sale of stock."). In this case, Plaintiffs fail to allege any

purchase or sale of securities based on a misrepresentation or omission of material fact by AEFS.

Consequently, the Plaintiffs fail to satisfy the "in connection with" requirement of Section 10(b)

and Rule 10b-5 and the eighth and ninth claims must be dismissed.

    D. Plaintiffs' 10(b) and 10b-5 claims fail because they do not plead
      <u>reliance on any alleged misstatements or omissions made by Ameriprise</u>

   Plaintiffs' Section 10(b) and Rule 10b-5 claims against Ameriprise also fail because they

do not adequately plead the necessary element of reliance. For a securities fraud claim to

survive, the claim must sufficiently plead reasonable reliance which "provides the requisite

causal connection between a defendant's misrepresentation and a plaintiff's injury." *Basic Inc.*

*v. Levinson*, 485 U.S. 224, 243, 108 S. Ct. 978, 989, 99 L. Ed. 2d 194, 216 (1988). "[W]hether a

plaintiff has adequately pleaded justifiable reliance can be a proper subject for a motion to

dismiss." *Granite Partners, L.P. v. Bear, Stearns & Co.*, 58 F. Supp. 2d 228, 259 (S.D.N.Y.

1999). To meet the reliance element, the plaintiff must prove "but for the claimed

misrepresentations or omissions, the plaintiff would not have entered into the detrimental

securities transaction." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 172 (2d Cir. 2005)

(affirming the dismissal of a securities fraud claim for failure to plead that the alleged

misrepresentations and omissions caused the plaintiff's alleged losses). "In assessing the

reasonableness of a plaintiff's alleged reliance, [a court will] consider the entire context of the

transaction, including factors such as its complexity and magnitude, the sophistication of the

parties, and the content of any agreements between them." *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 196 (2d Cir. 2003).

Here, Plaintiffs fail to allege that they relied on any misstatement or omission of fact by AEFS. Consequently, the complaint fails to state a claim for relief pursuant to Section 10(b) and Rule 10b-5 and the eighth and ninth claims must be dismissed.

> E.     Plaintiffs' 10(b) and 10b-5 claims fail because they
>        do no plead the loss causation element of their claim

Plaintiff's 10(b) and 10b-5 claim against Ameriprise is further deficient because they fail to plead the necessary element of loss causation. When bringing an action for fraud, "the proximate cause requirement means that the plaintiff must prove . . . loss causation." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994) (citing to *Citibank, N.A. v. K-H Corp.*, 968 F.2d 1489, 1495 (2d Cir. 1992)). "Loss causation 'is the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff.'" *Lentell v. Merrill Lynch & Co.*, 396 F.3d at 172 (citing *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 197 (2d Cir. 2003)); *see also, ATSI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 2007 U.S. App. LEXIS 16382, *41 (2d Cir. July 11, 2007). The PSLRA requires that the plaintiff establish loss causation by proving "that the act or omission of the defendant alleged to violate this title [15 USCS §§ 78a et seq.] caused the loss for which the plaintiff seeks to recover damages." 15 USCS § 78u-4(b)(4).

In the instant case, the pleadings are wholly insufficient to establish loss causation. Plaintiffs have not alleged that any misrepresentation or omissions by AEFS was the proximate cause of their alleged losses. Accordingly, Plaintiffs fail to plead the element of loss causation crucial to the survival of a securities fraud claim. Therefore, Plaintiffs' securities fraud claims must be dismissed.

VII.    THE ACTION SHOULD BE STAYED AS TO SEVENTEEN
        PLAINTIFFS WHO WERE AEFS CLIENTS AND HAVE
        ARBITRATION AGREEMENTS WITH AMERIPRISE

The claims of seventeen Plaintiffs in this action must be stayed because they executed

arbitration agreements with AEFS.  Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C.

§§ 1 et seq., federal courts are required to enforce arbitration agreements.  *See, e.g., Deloitte*

*Noraudit A/S v. Deloitte Haskins & Sells*, 9 F.3d 1060, 1063 (2d Cir. 1993).  Federal policy

strongly encourages arbitration as a way to reduce costs and delays generally associated with

litigation.  *See id; see also, e.g., Hughes, Hooker & Co. v. Am. S.S. Owners Mut. Prot. & Indem.*

*Ass'n, Inc.,* 04 Civ. 1859, 2005 U.S. Dist. LEXIS 11381, at *7 (S.D.N.Y. June 9, 2005) (Stein,

J.) ("In reviewing defendants' motion for a stay pending arbitration, the Court is guided by a

'federal policy [that] strongly favors arbitration as an alternative dispute resolution process.'")

(quoting *David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.,* 923 F.2d 245, 248 (2d Cir. 1991)).

A court "'must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an

issue or issues underlying the district court proceeding.'"  *WorldCrisa Corp. v. Armstrong*, 129

F.3d 71, 74 (2d Cir. 1997) (quoting *McMahan Sec. Co. L.P. v. Forum Capital Markets L.P.*, 35

F.3d 82, 85 (2d Cir. 1994)); *See also* 9 U.S.C. § 3.  The FAA "leaves no place for the exercise of

discretion by a district court, but instead mandates that district courts shall direct the parties to

proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean*

*Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  "Where there is a question as to whether

claims are arbitrable, federal arbitration policy requires that 'any doubts . . . be resolved in favor

of arbitration.'"  *Hughes, Hooker & Co.*, 2005 U.S. Dist. LEXIS 11381, at *8 (quoting *Moses H.*

*Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74

L. Ed. 2d 765 (1983)).

In the instant case, Plaintiffs Zaccaro, Tymczyszyn, Ed Haran and Anne Haran, Neil Blitz and Marni Blitz, Simons, Charney, Goodfriend-Koven, Wayne Vartabedian and Bonnie Vartabedian, Fuller, Pashuck, and Levine, Chaifetz, Yu, Tracey Peck and Jeff Peck ("Arbitration Plaintiffs") entered into agreements with AEFS which contained arbitration provisions. The provisions, generally provide that all controversies that may arise between each Arbitration Plaintiff and Ameriprise under the agreement are subject to arbitration. (Cohen Dec., Exhibits A - M). Here, since the Arbitration Plaintiffs clearly are alleging – although it is not true – that there losses are the result of services rendered by an employee acting within the scope of her employment with Ameriprise, their claims fall squarely within the pre-dispute arbitration clauses. Accordingly, Arbitration Plaintiffs action as against Ameriprise must be stayed in favor of arbitration.

## CONCLUSION

For the foregoing reasons, the claims against Ameriprise should be dismissed in their entirety. Should the Court decide to permit some claims to continue, those claims should be stayed as to the seventeen AEFS customers who have agreements to arbitrate.

Dated: December 19, 2007
      New York, New York

                        NIXON PEABODY LLP

                        By:_____
                            Martin P. Russo (MR-4134)
                            Alison B. Cohen (AC-7702)
                            437 Madison Avenue
                            New York, New York 10022
                            Tel: (212) 940-3000
                            Fax: (212) 940-3111

                            *Attorneys for defendant Ameriprise*
                            *Financial, Inc.*