UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SCOTT CHARNEY et al.,                              :
                                                   :   **ORDER GRANTING MOTION**
                    Plaintiffs,             :   **TO AMEND AND REGULATING**
                                                   :   **FURTHER PROCEEDINGS**
        -against-                                 :
                                                   :   07 Civ. 6272 (AKH)
CARLA ZIMBALIST, PAM CHANLA,                       :
JENNIFER S. WILKOV, EVOLUTIONARY                   :
STRATEGIC PLANNING, INC., and                      :
AMERIPRISE FINANCIAL, INC.,                        :
                                                   :
                    Defendants.             :
------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        On July 9, 2007, Plaintiffs (twenty-nine individuals and one limited liability corporation) filed a complaint stating ten causes of action arising out of an allegedly fraudulent real estate investment scheme run by Defendants Zimbalist and Chanla.  On October 24, 2008, Notice of Default was filed against Zimbalist and Chanla for failure to answer or otherwise respond.  On March 27, 2009, I found that Defendant Evolutionary Strategic Planning, Inc. defaulted for failure to appear through counsel.  Only Defendant Wilkov remains as a non-defaulted defendant.

        On June 15, 2009, Plaintiffs filed a Motion for Leave to Amend the Complaint, pursuant to Federal Rule of Civil Procedure 15 to drop a defendant with whom they have settled, to change the ad damnum, and for other reasons.  Plaintiff also moved for Summary Judgment against all defendants, pursuant to Federal Rule of Civil Procedure 56.

        Plaintiffs' Motion for Leave to Amend is granted without opposition.  The Amended Complaint shall be filed by September 11, 2009.

1

Plaintiffs' Motion for Summary Judgment, as it relates to Wilkov, an investment promoter, hinges on her having pleaded guilty in the Supreme Court of the State of New York, on January 22, 2008, to fraudulently selling interests in the Zimbalist and Charney venture.  The plea, Plaintiffs assert, collaterally estops Wilkov from contesting the facts alleged in the Complaint, and invites summary judgment to be awarded because no disputed material issue of fact would remain.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Plaintiffs are correct that "a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel . . . in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case."  U.S. v. Podell, 572 F.2d 31, 35 (2d Cir. 1978); Merchants Mut. Ins. Co. v. Arzillo, 472 N.Y.S.2d 97, 104-05 (App. Div. 1984) ("[A] guilty plea is equivalent to a conviction after trial for issue preclusion purposes and . . . precludes relitigation in a subsequent civil action of all issues necessarily determined by the conviction.").

However, the admissions contained in Wilkov's plea as to twenty-four counts of criminal conduct do not correspond tidily to the eight allegations in Plaintiffs' Complaint in which Wilkov is named.  I note that some of the civil claims do not distinguish between the role Wilkov played in the fraud and the role Zimbalist and Chanla played, despite the differences illustrated in the plea.  Also, Wilkov does not admit to harming several of the plaintiffs named in the Complaint.

Accordingly, Plaintiffs shall file a supplemental submission, by September 11, 2009, explaining which admissions in the plea correspond to which elements of the activities alleged in the Amended Complaint and as to which Plaintiffs.  Wilkov shall

submit any response by September 18, 2009. The parties will appear for oral argument on the Summary Judgment Motion on September 23, 2009 at 3:30 p.m.

In opposing the Summary Judgment Motion, Wilkov erroneously argues that the investment products at issue do not constitute "securities" because they are mere land interests. However, Wilkov's Response to Rule 56.1 Statement describes the investment product as a "certificate" granting the investor the right to receive "their original investment, plus a portion of the profits in accordance with their percentage contribution to each property purchase." ¶¶ 2-3. These investments are securities because Zimbalist and Chanla were to "manage, control, and operate the enterprise," while "[t]he investors [were to] provide the capital and share in the . . . profits," not live in the homes. SEC v. W.J. Howey Co., 328 U.S. 293, 300 (1946); United Hous. Found. Inc. v. Forman, 421 U.S. 837, 852-53 (1975) (confining real estate securities to those purchased by investors motivated by profits, meaning "financial returns on their investments," rather than by the prospect of acquiring "a place to live").

Wilkov asserts that, despite admissions in her plea, questions of fact remain as to the RICO allegations. As stated above, Plaintiffs must demonstrate in their supplemental submission that all elements of the relevant claims alleged in the Complaint have been satisfied by the criminal plea.

SO ORDERED.

Dated: New York, New York
August ___, 2009

ALVIN K. HELLERSTEIN
United States District Judge

3