UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SCOTT CHARNEY, et al.,                              :

                                                       :      MEMORANDUM OPINION
             Plaintiffs,                         07 Civ. 6272 (AKH) (GWG)

                                                       :

   -v.-

                                                       :

CARLA ZIMBALIST, et al.,

                                                       :

             Defendants.              :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs have filed a motion to serve and file a second amended complaint.[1] Defendant Jennifer S. Wilkov has filed a motion to amend her answer.[2] For the reasons stated below, plaintiffs' motion is granted in its entirety, and defendant's motion is granted in part and denied in part.

      Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." Nonetheless, leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party . . . [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002). The Second Circuit has characterized Rule 15 as encompassing a "liberal" amendment policy. See, e.g., Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). A motion to amend under Rule 15(a)(2) may be made at any

---

[1] See Notice of Motion, filed Nov. 8, 2013 (Docket # 242); Plaintiffs' Memorandum of Law, filed Nov. 8, 2013 (Docket #244); Defendant Wilkov's Opposition to Plaintiffs' Proposed Motion to Amend and Serve a Second Amended Complaint, filed Dec. 13, 2013 (Docket # 274) ("Def. Opp."); Plaintiffs' Reply Memorandum of Law, filed Dec. 26, 2013 (Docket # 275) ("Pl. Reply").

[2] See Notice of Motion to Amend Defendant Wilkov's Answer, filed Nov. 7, 2013 (Docket # 245); Memorandum of Law in Support of Motion to Amend Defendant Wilkov's Answer, filed Nov. 7, 2013 (Docket # 246); Plaintiffs' Memorandum of Law in Opposition to Defendant Wilkov's Motion to Amend Answer, filed Dec. 12, 2013 (Docket # 266) ("Pl. Opp."); Defendant Wilkov's Reply to Plaintiffs' Opposition to Defendant Wilkov's Motion to Amend Her Answer, dated Jan. 31, 2014 (Docket # 286) ("Def. Reply"). Ameriprise Financial Services, Inc., a former defendant and proposed third-party defendant, also submitted a letter opposing defendant's motion to amend. See Letter, filed Dec. 3, 2013 (Docket # 261).

1

stage of the litigation, see, e.g., Laurent v. PricewaterhouseCoopers LLP, 2012 WL 3614043, at *3 (S.D.N.Y. Aug. 15, 2012), and "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). Thus, case law holds that the "non-movant bears the burden of showing prejudice, bad faith and futility of the amendment." Grant v. Citibank (S.D.) N.A., 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010) (citations omitted).

I. PLAINTIFFS' MOTION TO AMEND

Alleged Failure to Correct Deficiencies Learned During Discovery

Defendant's first argument in opposition to plaintiffs' motion to amend is that the proposed second amended complaint "reiterates theories [in the first amended complaint] without making several corrections identified during discovery" and that some allegations are "not accurate." Def. Opp. at 5, 7. Putting aside plaintiffs' contention that they have made the appropriate corrections, Pl. Reply at 2, the defendant's argument is rejected. The Court is not aware of a legal principle that allows denial of a motion to amend based on the assertion that the proposed new allegations are factually inaccurate.

Futility

Defendant argues that "Plaintiffs' claims are not plausible" and thus "the court should deny Plaintiffs' motion for leave to amend their First Amended Complaint on the basis it includes several futile claims." Def. Opp. at 5. However, case law holds that "[t]he party opposing the amendment has the burden of establishing its futility." Summit Health, Inc. v. APS Healthcare Bethesda, Inc., 2014 WL 288050, at *18 (S.D.N.Y. Jan. 24, 2014) (citing Blaskiewicz v. Cnty. of Suffolk, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998)). Because defendant's argument is entirely conclusory and fails to identify any particular claim that is "futile," it is rejected.

Prejudice

Case law holds that "[a]mendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." AEP Energy, 626 F.3d at 725-26 (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (internal quotation marks omitted)). Defendant takes issue with the addition of Paragraph 89 to the proposed second amended complaint, which alleges that "Wilkov breached the fiduciary obligations she owed to CWZ Holdings, Inc." See Def. Opp. at 8; Proposed Second Amended Complaint (annexed as Ex. B to Notice of Motion) ("Proposed Am. Compl.") ¶ 89. Defendant argues that "[n]ow that discovery is closed, [she] is therefore prejudiced by the introduction of any new arguments, pleadings or other theories regarding CWZ Holdings, Inc., as [she] did not pursue any of this during discovery." Def. Opp. at 9. In a similar vein, defendant contends that

"Plaintiffs have already . . . filed their Second Motion for Summary Judgment . . . so it is unfair to add a new theory about this nominal party at this point in the case." Id. This argument is rejected because plaintiffs are not making any new claim for relief against defendant based on this allegation. See Pl. Reply at 4. Moreover, CWZ has been a party since 2009 (Docket # 104), and defendant has identified no new topic area of discovery that is engendered by the addition of this factual allegation regarding CWZ. The amendment merely gives context to allegations already asserted in the first amended complaint. Cf. Zoll v. Ruder Finn, Inc., 2003 WL 22283830, at *2 (S.D.N.Y. Oct. 2, 2003) (granting leave to amend where additions "provide[d] clarification of existing claims" and did not "add new claims or causes of action"). While the pendency of a summary judgment motion may counsel against granting leave to amend in some circumstances, see, e.g., Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985), defendant has not explained how the current briefing would be affected by the addition of this paragraph.

Defendant similarly objects to the addition of Paragraph 433 to the proposed second amended complaint. Def. Opp. at 2; see also id. at 10. Paragraph 433 alleges that "Wilkov engaged in this fraudulent course of conduct for the purpose of earning finder's fees and other fees." Proposed Am. Compl. ¶ 433. The allegation that defendant was earning fees off of the alleged fraudulent conduct, however, was already made in the first amended complaint. See Amended Complaint, filed Sept. 25, 2009 (Docket # 104) ¶ 401 (defendant "breached her fiduciary duty to each of the plaintiffs . . . after failing to disclose that she was receiving 'finder's fees' from the promoters of the investment vehicle for each investor she referred"). Thus, the addition of this paragraph does not call for additional discovery.

Undue Delay

Defendant's opposition brief states that the filing of the proposed second amended complaint "would cause undue delay" and that granting leave to amend "would potentially require the need to be . . . answered again by Defendant." Def. Opp. at 7. But the obligation to answer an amended complaint itself does not provide a basis on which to deny leave to amend either. See, e.g., Laurent, 2012 WL 3614043, at *5 ("[T]he defendants' concern that they will have to file a new answer is neither prejudicial, nor a reason to deny a motion to amend."). In any event, because there are relatively few changes to the original complaint, there will be very little work in preparing a new answer. There is no reason to believe that the filing of the amended complaint will delay the case in any way.

In sum, plaintiffs' motion to amend (Docket # 242) is granted.

II. DEFENDANT'S MOTION TO AMEND

Defendant's motion may be characterized as seeking four different types of amendments to her answer. We discuss each separately.

3

Third-Party Claims Against Ameriprise and Cross-Claims against Chanla and Zimbalist

Defendant seeks to assert several cross-claims against Carla Zimbalist and Pam Chanla, who were named as defendants in plaintiffs' action and are currently in default. See Defendant Wilkov's Proposed Second Amended Answer and Counterclaims, Crossclaims and Third-Party Claims (annexed as Ex. A to Notice of Motion) ("Proposed Answer"), at 21-29. Defendant also seeks to assert several third-party claims against Ameriprise Financial Services, Inc. as successor-in-interest to defendant's former employer, American Express Financial Advisors, Inc. Id. at 29-38. Ameriprise was dismissed as a party in 2009.

As noted above, the Second Circuit has held that amendment is prejudicial to a non-moving party when, among other things, "the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] (ii) significantly delay the resolution of the dispute." Monahan v. N.Y.C. Dep't of Corrections, 214 F.3d 275, 284 (2d Cir. 2000). Case law further holds that "[o]ne of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." MHANY Mgmt. Inc. v. Cnty. of Nassau, 843 F. Supp. 2d 287, 341 (E.D.N.Y. 2012) (quoting H.L. Hayden Co. v. Siemens Med. Sys., 112 F.R.D. 417, 419 (S.D.N.Y. 1986) (collecting cases)). A court "plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice" the non-movant. Creswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990). Most importantly for this case, courts routinely deny motions to amend where discovery has closed and the amendments would necessitate the need to re-open discovery. See, e.g., Guity v. Uniondale Free Sch. Dist., 2014 WL 795576, at *8 (E.D.N.Y. Feb. 27, 2014) ("Where a [non-movant's] motion for summary judgment is pending and/or discovery has closed, Courts regularly find prejudice to the non-movant and deny leave to amend.") (citing cases); Lyondell-Citgo Refining, LP v. Petroleos De Venezuela S.A., 2004 WL 2650884, at *1 (S.D.N.Y. Nov. 22, 2004) ("Prejudice may be found, for example, when the amendment is sought after discovery has been closed.") (citations omitted).

Defendant's motion papers contain no explanation of why she waited until now to assert claims against Ameriprise, Chanla, or Zimbalist, let alone an explanation that would justify the late effort to amend. While defendant from time to time — mostly at the end of or after the discovery period — has stated her intention to file a motion to amend, she never took any steps to do so until the current motion, and the Court at no time prevented her from making such a motion. The parties she now seeks to include were plainly known to her, as they were named in the original complaint filed in 2007. Nearly seven years have passed. If named now in an amended complaint, these parties would need to be served and would have to be given the opportunity to conduct discovery. This case is in its final stages. Discovery closed long ago, and cross-motions for summary judgment have been filed. Accordingly, the prejudice to plaintiffs in delaying the resolution of this case further through the addition of claims against new parties is overwhelming. Defendant's motion to amend to add claims against these parties is therefore denied.

Cross-Claims Against "Referring Plaintiffs"

    Defendant also seeks leave to bring a counterclaim for contribution against those plaintiffs who referred other plaintiffs to defendant for purposes of investing in the real estate projects at the center of this litigation. See Proposed Answer at 13-21. The gist of the proposed counterclaim is that these "referring plaintiffs" were "negligent" because they breached a "common law duty of reasonable care" to the plaintiffs to whom they made these recommendations. Id. at 21. Defendant alleges breach of this duty because these referrals were made "without sufficient support" or "by misleading the referred Plaintiff regarding the level of knowledge and understanding they had before making such recommendation, or by overstating their own history with similar investments." Id. As a result, defendant seeks contribution from the referring plaintiffs in the amount of "their fair share" of any "referred" plaintiffs' losses. Id. In opposition, plaintiffs maintain that defendant "does not identify any reasonable basis upon which one could believe that any of the referrers would have understood that [ ] referring a client to Ms. Wilkov . . . . would expose them to liability to their friends for Ms. Wilkov's misconduct." Pl. Opp. at 14.

    This aspect of defendant's motion fails because the proposed claims against the referring plaintiffs "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)" and therefore would be "futile." Oneida Indian Nation v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005). The New York Court of Appeals has stated that "[a] claim for contribution rises and falls based on the existence of separate tortfeasors." AG Capital Funding Partners, L.P. v. State Street Bank and Trust Co., 5 N.Y.3d 582, 594 (2005); see also N.Y. C.P.L.R. § 1401 (contribution claim may be brought only against a person who is "subject to liability for damages for the same personal injury" as the person seeking contribution). While defendant alleges the referring plaintiffs were "negligent," case law holds that "a finding of negligence must be based on the breach of a duty, [so] a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party." Espinale v. Melville Snow Contractors, Inc., 98 N.Y.2d 136, 138 (2002). The existence and scope of such a duty is a question of law. Id. To establish the existence of a duty under New York law, "[t]he injured party must show that a defendant owed not merely a general duty to society but a specific duty to the particular claimant." In re Sept. 11 Litig., 280 F. Supp. 2d 279, 290 (S.D.N.Y. 2003).

    Here, defendant has failed to allege the existence of a duty owed by the referring plaintiffs to the referred plaintiffs. Defendant states without explanation that the referring plaintiffs owed a "common law duty of reasonable care" to the referred plaintiffs but cites no case that would support the existence of such a duty and does not even address plaintiffs' argument that the law does not recognize such a duty in the circumstances alleged in the proposed counterclaims. Thus, this aspect of the defendant's motion to amend is denied inasmuch as any claim for contribution against the referring plaintiffs could not withstand a motion to dismiss under Rule 12(b)(6).

Affirmative Defenses

      Defendant also seeks to raise numerous affirmative defenses not previously asserted in this case. See Proposed Answer at 11-13. Ordinarily, the failure to raise an affirmative defense in an answer results in waiver of the defense. See Mooney v. City of N.Y., 219 F.3d 123, 127 n. 2 (2d Cir. 2002). However, as already noted, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block, 988 F.2d at 350. Indeed, even in the absence of a motion to amend, defendant would have been allowed to raise new affirmative defenses in response to plaintiffs' summary judgment motion as long as there was no prejudice to plaintiffs from the belated assertion of the defenses. See, e.g., Carnley v. Aid to Hospitals, Inc., 975 F. Supp. 252, 255 (W.D.N.Y. 1997) ("[C]ourts have allowed affirmative defenses to be raised in summary judgment motions where the party opposing the motion was not prejudiced in its ability to respond.") (citing cases); Firemen's Ins. Co. of D.C. v. Onwualia, 1994 WL 706994, at *5 (S.D.N.Y. Dec. 19, 1994) (finding affirmative defenses "not waived" in absence of prejudice to plaintiffs, and permitting them to be raised in summary judgment motion even though not raised in defendant's answer); Steinberg v. Columbia Pictures Indus., Inc., 663 F. Supp. 706, 715 (S.D.N.Y. 1987) ("[A]bsent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time.") (quoting Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir. 1984)).

      Inasmuch as there is no assertion by either party that discovery would need to be re-opened in order to support or address the proposed affirmative defenses, the Court deems these defenses preserved despite their not having been raised in defendant's first amended answer. To the extent plaintiffs contend the defenses are meritless, see Pl. Opp. at 7-11, nothing forecloses plaintiffs from raising such arguments in the future. Accordingly, defendant's motion to amend her answer to include these affirmative defenses is granted.

      The Court notes that to the extent defendant believes that any defenses she has asserted would operate to defeat plaintiffs' motion for summary judgment, she must raise them as part of her opposition to plaintiffs' motion, or the opportunity to raise those defenses will be lost in the event plaintiffs were successful on their motion. Defendant has already filed her opposition papers, however. Accordingly, to the extent defendant did not already raise such defenses in her opposition papers, the Court gives leave to file a supplemental memorandum of law opposing plaintiffs' motion that raise such defenses, along with accompanying affidavits or declarations. The memorandum of law must include a fact section that cites to the affidavits or declarations, and may not exceed 25 pages. The papers must be filed by March 28, 2014. Plaintiffs may supplement their reply with a brief not exceeding 25 pages by April 15, 2014.

Amendments to Admissions and Denials in Answer

      Finally, defendant's proposed amended answer includes changes to the admissions and denials of the allegations in the complaint. See Proposed Answer at 1-11. Although plaintiffs argue that these changes are frivolous and that defendant wishes to "deny" matters that are in fact true, see Pl. Opp. at 6-7, this is not a basis to oppose a motion to amend. Any inconsistencies or incorrect responses may be raised if relevant at a later stage of the case.

Accordingly, defendant's motion to amend (Docket # 245) is granted in part and denied in part. Plaintiffs shall file their proposed Second Amended Complaint by March 19, 2014. Defendant should file her answer within 20 days thereafter. Defendant's answer shall be consistent with this Order.

SO ORDERED.

Dated: March 12, 2014
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge