USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SCOTT CHARNEY, et al.,

                           Plaintiffs,

     -v.-

CARLA ZIMBALIST, et al.,

                           Defendants.
------------------------------------------------------------ x

**ORDER REVIEWING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND GRANTING SUMMARY JUDGMENT**

07 Civ. 6272 (AKH)(GWG)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Scott Charney and 22 others ("Plaintiffs") filed suit against defendants Jennifer Wilkov ("Defendant") and two others for securities fraud and related torts. The two other defendants either have defaulted or settled and been dismissed. Plaintiffs and Defendant have filed cross-motions for summary judgment.

        USMJ Gabriel W. Gorenstein issued a Report and Recommendation on September 29, 2014, recommending that summary judgment be granted to Plaintiffs on the issues of: (i) the materiality of the false statements made by Defendant, and (ii) the reasonability of Plaintiffs' reliance on Defendant's statements, and denied on whether or not the Plaintiffs actually relied. Judge Gorenstein recommended that Defendant's motion for summary judgment be denied.

        Plaintiffs and Defendant have raised timely objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon full *de novo* review, I approve Judge Gorenstein's Report and Recommendation, with one exception: I hold that each of the twenty three plaintiffs proved that they relied on Defendant's representations, and thus there are no triable issues of material fact. Accordingly, I grant Plaintiffs' motion, and I deny Defendant's motion. I grant summary judgment to Plaintiffs against Defendant, and remand to Judge Gorenstein to find damages.

1

I. **BACKGROUND.**

Plaintiffs' second amended complaint contains eight counts, spread over 469 paragraphs of allegations. In eight years, the proceedings in this Court are covered in 323 ECF entries. Defendant Wilkov is the only remaining defendant, the other two defendants have defaulted.

Judge Gorenstein's report and recommendation summarizes the allegations of the second amended complaint and the relevant facts. I need not recount them, for they are not challenged. Essentially, each of the Plaintiffs, advised by Defendant, were induced by her to invest in a residential real estate scheme in and around Los Angeles. In a criminal plea to 24 counts of fraud in January, 2008, Defendant allocuted under oath that she made the following false representations to each Plaintiff, knowing that each was false, for the purpose of inducing each Plaintiff to invest in the properties a sum of money ranging from $16,667 to $75,000: (1) that she "had invested with Zimbalist and Chanla in the past and had been successful with them"[1]; (2) that she "would monitor the properties [her]self"; and (3) that she had "done [her] due diligence on Zimbalist and Chanla and that they were a solid and reliable team." (Dkt. No. 111 Ex. 17 at 12-13.)

The details are discussed in Judge Gorenstein's opinion. The scheme itself was a fraud. Defendant made a number of alleged representations, but the ones to which she admitted are sufficient to prove the motion, and I need not discuss the others. I held, in my Order dated January 24, 2011, that there is no material dispute that Defendant made these misrepresentations in connection with the securities, knowing that they were false when made and for the purpose of inducing Plaintiffs to invest money through her. (Dkt. No. 126.) My discussion below concerns Defendant's other objections.

---

[1] Zimbalist and Chanla were the promoters of the investments sold by Defendant to Plaintiffs, and the perpetrators of the fraudulent scheme.

2

## II. LEGAL STANDARD.

A District Court judge may assign summary judgment motions to a Magistrate Judge to conduct proceedings and submit a recommended disposition and proposed findings of fact. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In reviewing the Report and Recommendation, I review *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

i. *Summary Judgment*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine issue of material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In determining whether there is genuine issue of material fact, "the evidence of the non-movant is to be believed," and the court is to draw "all justifiable inferences" in favor of the non-movant. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Once the moving party shows that there is no genuine issue of material fact, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). "Where it is clear that no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment should be granted.'" *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation omitted).

ii. *Securities Exchange Act §10(b) and S.E.C. Rule 10b-5*

Section 10(b) of the Securities Exchange Act provides that it shall be unlawful for any person "[t]o use or employ, in connection with the purchase or sale of any security . . . any

3

manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [S.E.C.] may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. §78j. Pursuant to their authority under Section 10(b), the S.E.C. promulgated rule 10b-5, stating that it is unlawful for any person "(a) [t]o employ any device, scheme, or artifice to defraud, (b) [t]o make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or (c) [t]o engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." 17 C.F.R. §240.10b-5. The Supreme Court has "recognized an implied private cause of action to enforce the [S.E.C. rule] and its implementing regulation." *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2407 (2014) (internal citations omitted). Section 10(b) "bars conduct involving manipulation or deception, manipulation benig practices that are intended to mislead investors by artificially affecting market activity, and deception being misrepresentation, or nondisclosure intended to deceive." *Ganino v. Citizens Util. Co.*, 228 F.3d 154, 161 (2d Cir. 2000) (citation and ellipsis omitted).

The elements of a claim under §10(b) of the Securities Exchange Act and SEC Rule 10b-5 are: (1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Dura Pharms. v. Broudo*, 544 U.S. 336, 341-42 (2005). For a statement to be "material", there must be "a substantial likelihood that a reasonable [investor] would consider it important in deciding how to vote." *Bond Opportunity Fund v. Unilab Corp.*, 2003 WL 21058251, at *3 (S.D.N.Y. May 9, 2003), aff'd, 87 Fed. App'x 772 (2d Cir. 2004). The scienter requirement for a claim under §10(b) and rule 10b-5 is a knowing or reckless disregard for the truth or "an intent to deceive, manipulate, or defraud." *ECA, Local 134 IBEW Joint*

4

*Pension Trust of Chicago v. JP Morgan Chace Co.*, 553 F.3d 187, 197 (2d Cir. 2009). Reliance, in this context also known as transaction causation, is judged by a "but for" test, and must be reasonable. *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 96 (2d Cir. 2001). In this context, "[loss causation] has been likened to the tort concept of proximate cause . . . ." *Id.*

        iii.    *Common Law Fraud*

Under New York law, the elements of common law fraud are (1) a material, false representation, an intent to defraud thereby, (3) reasonable reliance on the representation, and (4) loss causation. *Chanayil v. Gulati*, 169 F.3d 168, 171 (2d Cir. 1999) (internal citation omitted). "The elements of common law fraud . . . are largely the same as those of a Rule 10b-5 claim except that there is no requirement that the fraud be 'in connection with the purchase or sale of securities.'" *Fraternity Fund Ltd. V. Beacon Hill Asset Mgmt. LLC*, 376 F. Supp. 2d 385, 407 (S.D.N.Y. 2005) (internal citation omitted). Because the elements of common law fraud are "substantially identical to those governing §10(b)," the "identical analysis applies." *Hunt v. Enzo Biochem, Inc.*, 530 F. Supp. 2d 580, 592 (S.D.N.Y. 2008).

## III. DISCUSSION.

Overruling objections, Judge Gorenstein found that Defendant's admitted representations were material, and that reliance on them was reasonable and foreseeable. I adopt Judge Gorenstein's discussion at pages 47-51 and 53-60 of his Report and Recommendation.

        i.    *Materiality*

Defendant introduced Plaintiffs to the investments and served as their sole conduit to Chanla and Zimbalist, the scheme's promotors. (Dkt. No. 84 at ¶10, No. 88 at ¶10, No. 117 at ¶10.) Defendant repeatedly assured Plaintiffs that the investments were sound. (Dkt. No. 84 at ¶12, No. 88 at ¶12, No. 117 at ¶12.) As Judge Gorenstein finds, investors like Plaintiffs are

5

naturally dependent on the representations of their financial advisor and her assurances as to the backgrounds of the promoters and the advisers own due diligence. (Dkt. No. 318 at 50.) There is no triable issue of fact as to the materiality of Defendant's misstatements and Defendant's objections to Judge Gorenstein's recommendation are overruled.

    ii.   *Reliance*

There is no triable issue of fact as to Plaintiffs' reliance or the reasonableness thereof. Each Plaintiff was a financial advisee of Defendant, and she induced them to undertake the investments, vouched for the promotors and represented that she had performed her due diligence. But for Defendant's representations, they would not have invested. Further, Plaintiffs' reliance on the representations of their financial advisor was reasonable. Plaintiffs had no obligation to, and there is no evidence that any of the Plaintiffs did, independently check the underlying facts. *See Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234 (2d. Cir. 2006) (holding that a plaintiff's reliance is reasonable, without investigation, when information is peculiarly within the defendant's knowledge).

Judge Gorenstein commented that the evidence regarding each Plaintiff was circumstantial, and thus he could not recommend summary judgment. But summary judgment does not require the conclusory statement, in a deposition taken by Defendant, "I relied." Reliance on Defendant's misrepresentations is proved from the circumstances. Plaintiffs relied on the representations made by their financial advisor: that she had a favorable track record with Chanla and Zimbalist and considered them "solid and reliable," that she had performed due diligence, and that she would monitor the properties. These representations, made to induce reliance, were reasonably and actually relied upon. There is no triable issue of material fact.

Although credibility determinations generally are jury functions, a judge is not precluded from drawing the only natural and probable inference from the undisputed facts. The

facts are not in dispute, only the inference to be drawn from the facts, and there is no natural and probable inference to be drawn other than the reasonable reliance of the Plaintiffs on Defendant's material misstatements. I hold that there is no triable issue of material fact as to reliance, and grant summary judgment to Plaintiffs.

### iii. *Loss Causation*

In the context of securities fraud, loss causation is "often . . . compared to the tort law concept of proximate cause." *Emergent Capital Inv. Management, LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 197 (2d Cir. 2003). Defendant argues that the criminal acts of Chanla and Zimbalist are intervening acts breaking causation. They are not. Plaintiffs relied on Defendant's representations of knowledge and due diligence, and would not have invested without such representations.

Defendant admitted that, contrary to her representations, she "knew little about Zimbalist and Chanla and their companies," and "had no basis for recommending their company and their investments." (Dkt. No. 11 Ex. 17 at 13.) Defendant did not perform due diligence and did not monitor the investments, and Chanla and Zimbalist perpetrated their fraud with impunity. Plaintiffs' damages are the losses of their investments. There is no triable issue of fact as to loss causation, and I therefore grant summary judgment to Plaintiffs.

### iv. *Sanctions*

Plaintiffs request the imposition of sanctions due to Defendant's lack of memory and evasiveness at her deposition. Judge Gorenstein held that the request was untimely and not supported by law. Defendant exhibited lack of memory and evasiveness, and while her answers do affect her credibility, they do not warrant sanctions. *Nike, Inc. v. Top Brand Co., Ltd.*, 216 F.R.D. 259 (S.D.N.Y. 2003); *see also Doolittle v. Ruffo*, 1996 WL 328480 (N.D.N.Y. 1996). Judge Gorenstein acted in his discretion in his April 2013 Order that the Court would "not

7

entertain any requests for sanctions in this case" unless the request was made "within 14 days of the discovery deadline." (Dkt. No. 205 at 9-10.) Here, the request for sanctions was made nearly two months after the discovery deadline. Because the request for sanctions was both untimely and unsupported by law, it is hereby denied, and I accept Judge Gorenstein's recommendation.

## CONCLUSION

Summary judgment is granted to Plaintiffs and against Defendant Jennifer Wilkov on all issues except damages. The case is remanded to Judge Gorenstein to find damages for each Plaintiff, with costs to be assigned after judgments are entered. The Clerk of the Court shall mark the motions (Dkt. No. 248, 267 & 280) as terminated.

SO ORDERED.

Dated: July 30, 2015
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge