UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
  :
SCOTT CHARNEY, ET AL, :
  :  **ORDER ADOPTING THE**
               Plaintiffs, :  **REPORT AND**
-against- :  **RECOMMENDATION OF THE**
  :  **MAGISTRATE JUDGE**
CARLA ZIMBALIST, ET AL, :
  :  07 Civ. 6272 (AKH)
               Respondents. :
  :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This case comes to me upon the Report and Recommendation ("R&R") of United State Magistrate Judge Gabriel W. Gorenstein, and timely objections by defendant. As fully recounted in the R&R, plaintiffs brought claims for federal securities fraud and common law fraud under New York law, among others, against Jennifer Wilkov. Wilkov's liability was previously resolved in a prior decision, *see Charney v. Zimbalist*, 2015 WL 4597538 (S.D.N.Y. July 30, 2015), *adopting in part* 2014 WL 5064860 (S.D.N.Y. Sept. 29, 2014), and the plaintiffs now move for summary judgment on the amount of damages to be entered against Wilkov. Judge Gorenstein recommended that the plaintiffs' motion for damages be granted against defendant Wilkov in the amount of $1,382,083.01. (R&R, July 26, 2016, Dkt. No. 361.) Defendant filed her objections on August 12, 2016. (Dkt. No. 364.)

        The district court reviews de novo the portions of a magistrate judge's report to which the parties raise objections. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72; *see, e.g., Cardell Fin. Corp. v. Suchodolksi Associates, Inc.*, 896 F. Supp. 2d 320, 324 (S.D.N.Y. 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge may accept, set aside, or modify the

findings and recommendations of a magistrate judge. *Cardell*, 896 F. Supp. 2d at 324. Upon de novo review of Judge Gorenstein's R&R, I hold that Defendant's objections are without merit.

Judge Gorenstein thoroughly discussed the evidence that supported the calculation of damages. He noted that the plaintiffs filed affidavits detailing the amounts of their investment, the amounts recovered as restitution from the District Attorney's office and from Safe Horizon, and the amounts received from Defendant's former employer, Ameriprise Financial, Inc, in a confidential settlement. The plaintiffs also supplied spreadsheets calculating the prejudgment interest owed to each. New York state law allows that interest can accrue "from the earliest ascertainable date the cause of action existed," *see* N.Y. CPLR § 5001, but plaintiffs only calculated interest from the date of Wilkov's final investment. They reduced the principal based on their earlier recoveries, in restitution and settlement, according to dates prior to their actual receipt of these monies, a simplification that reduces the amount of damages. Defendant does not raise any specific objections to the damages calculations in the R&R, beyond loose assertions that the plaintiffs have not provided sufficient proof of their investments. Judge Gorenstein noted that Wilkov has not contested these amounts with any admissible evidence, nor does Wilkov point this court to any contradictory evidence. Wilkov does not argue that Judge Gorenstein erred in his calculation, or that there was any error in the plaintiffs' submissions or their process of calculation, and I thus adopt Judge Gorenstein's finding of damages in the total amount of $1,382,083.01. [See Dkt. No. 355]

Defendant's other arguments are couched as objections, but are primarily aimed at my previous order addressing Wilkov's liability and granting summary judgment on all issues except damages to the plaintiffs. *See Charney*, 2015 WL 4597538. Wilkov re-argues the issues that were there resolved, asserting that she did not have knowledge of the scheme, that plaintiffs

did not prove any reliance on her statements, and thus that plaintiffs should not have been granted summary judgment on liability. She also contends that she "did not benefit from or enjoy any of the monies" and that she should not be responsible for any damages beyond the restitution she has already paid. None of these arguments addresses the contents of the R&R, and they do not cause me to reconsider my prior order resolving the parties cross-motions for summary judgment.

   Accordingly, I adopt Judge Gorenstein's report and recommendation. (Dkt. No. 361) The Clerk shall enter judgment for the plaintiffs in the amount of $1,382,083.01 and mark the case closed.

  SO ORDERED.

Dated:  August 17, 2016
     New York, New York

ALVIN K. HELLERSTEIN
United States District Judge